Richmond.

CITY OF NORFOLK & OTHERS V. NORFOLK LANDMARK
PUBLISHING COMPANY & OTHERS.

JANUARY 27, 1898.

Absent, Cardwell, J.

1. CONSTITUTIONAL LAW—*Tax on Newspapers—Freedom of the Press.*—A city ordinance which imposes a. tax on the business of publishing a newspaper does not infringe upon the constitutional guaranty of the freedom of the press. Such guaranty was never intended to restrict the right of taxation for the support of the government. Nor is such ordinance in conflict with sec. 1, Art. X, of the Constitution, which requires all taxation to be equal and uniform, nor with sec. 4, Art. X, which provides for a tax on licenses upon business which cannot be reached upon the *ad valorem* system.

2. MUNICIPAL CORPORATIONS—*General Power of Taxation—Subjects not Taxed by State.*—A grant by the legislature to a municipality of a general power of taxation confers upon the municipality all the power possessed by the legislature itself in respect to the imposition of taxes. The municipality may then tax all subjects within its jurisdiction, not withheld from taxation by the legislature, whether the State taxes them or not.

3. MUNICIPAL CORPORATIONS—*General Powers of Taxation—Restrictions of sec. 1242 of Code—Conflict Between General Law and Charter.*—A general power of taxation "in accordance with the Constitution and laws of the State," means a general power not repugnant to, or inconsistent with, the Constitution and laws, and is not restricted by the provisions of sec. 1042 of the Code. But if there is a conflict between sec. 1042 of the Code and the charter of a municipality, the charter prevails, as provided by sec. 1048.

Appeal from a decree of the Circuit Court of the city of Norfolk, pronounced December 8, 1897, in a suit in chancery wherein the appellees were the complainants, and the appellant and others were the defendants.

*Reversed.*

This was a suit in chancery instituted by the Landmark Publishing Company, The New Pilot Publishing Company, and M. Glennan, owner of the Norfolk Virginian, "suing on behalf of themselves and all others similarly situated," for the purpose of enjoining the city of Norfolk from enforcing the collection of a license tax of $100 a year imposed on daily morning newspapers. The Circuit Court perpetuated the injunction which had been granted when the bill was filed, and the city of Norfolk appealed.

*Walter H. Taylor*, for the appellant.

*Goode & Taylor*, for the appellees.

HARRISON, J., delivered the opinion of the court.

The councils of the city of Norfolk, in April, 1897, adopted an ordinance imposing a license tax on every person, firm, or corporation in that city engaged in the publication of a newspaper.

This tax is resisted upon the ground, first, that the ordinance in question is in violation of the Constitution of Virginia and the Bill of Rights, in that the freedom of the press is thereby restrained.

A tax imposed upon the business of publishing a newspaper is not an abridgement of the freedom of the press. The guaranties of the Constitution and Bill of Rights in favor of the freedom of the press, freedom of speech, and personal liberty, were never intended to restrict the right of taxation for the support of the government. If these guaranties did restrict the power of taxation, the government would soon be insolvent, and powerless to furnish the protection claimed.

In the *Federalist*, p. 632, note, Mr. Hamilton says: "I know not by what logic it could be maintained that the declarations in the Constitution in favor of the freedom of the press would be a constitutional impediment to the imposition of duties upon publications by the State legislatures."

The only case we have met with, involving this question, is *In re Jager*, 29 S. C. 438. There a license tax was imposed upon the newspaper business, and it was held that such a tax did not violate the constitutional provision in favor of the liberty of the press; the court saying, "We cannot see that a tax on the business of publishing a newspaper is any more an abridgement of the liberty of the press than a tax on the office, type, and other material used in the business."

The second and third objections, that the ordinance violates the provision of equality and uniformity of taxation enjoined by section 1, article 10, of the Constitution, and section 4 of the same article, which governs the imposition of licenses, are not tenable. These sections were construed by this court in the case of *Com.* v. *Moore*, 25 Gratt. 951, which involved the constitutionality of a law imposing a license tax upon merchants. The same position was taken there that is taken here, and, without repeating the reasons of the court in that case, it is sufficient to say that the conclusions there reached settle the question that the imposition of the tax under consideration does no violence to either of the constitutional provisions invoked against it.

The fourth and last objection urged to the ordinance is that it is in violation of section 1042 of the general law in respect to cities and towns, which provides that the council of a city or town may impose a tax for the privilege of doing, within its limits, anything for which a license is required by the State.

In other words, the question presented is: Can the city of Norfolk tax what the State does not tax? The legislature can undoubtedly confer power upon a municipality to tax what is not taxed by the State, and has done so repeatedly, which would indicate that there is no public policy against the grant of such a power. The only question, therefore, is, has that power been conferred upon the city of Norfolk?

The language of the charter, material in considering this question, is as follows: "For the execution of their powers and

duties, the city council shall raise, annually, by taxes and assessments, in said city, such sums of money as they shall deem necessary to defray the expenses of the same, and in such manner as they shall deem expedient, in accordance with the constitution and laws of this State and of the United States; provided, however, that they shall impose no tax upon the bonds of said city."

This language has been construed by this court, and held to confer the general power of taxation, except only as it may be limited by the laws of the State, or of the United States, and to include all powers and subjects of taxation. *Carrington* v. *City of Richmond*, 23 Gratt. 464; *Humphreys* v. *City of Norfolk*, 25 Gratt. 97.

When the legislature confers upon a municipality the general power of taxation, it grants all the power possessed by itself in respect to the imposition of taxes; and the city can then impose taxes, in its discretion, upon all subjects within its jurisdiction not withheld from taxation by the legislature, whether they be taxed by the State or not.

The clause of the charter already quoted, which confers this general power of taxation, provides that it shall be exercised "in accordance with the constitution and laws of the State"; and it is contended that this language has reference to sec. 1042, and that the charter and general law must be read together, to ascertain what power of taxation the city has. The language, "in accordance with the constitution and laws of the State," is the equivalent of "not repugnant to," "not in conflict with," or "not inconsistent with" the laws and constitution of the State, and it does not limit or confine the taxing power of the city to the provisions of sec. 1042 of the general law. If this were so, it would have only been necessary for the charter to have provided that the city of Norfolk should have such powers of taxation as were prescribed by that section. The language, "in accordance with the laws and constitution of the State," only ex-

presses a limitation upon the general power conferred that would have been necessarily understood; for no authortiy can be exercised otherwise than in accordance with the constitution and laws of the State, and of the United States, whether the grant of that authority be silent on the subject or not. There is no inconsistency or conflict between a law which gives one city the general power of taxation, and a law which gives all cities a restricted power of taxation. If, however, there was conflict between sec. 1042 and the charter, it is expressly provided by sec. 1048 that, in case of such conflict, the general law shall not be construed to repeal the provision of the charter.

In the case of *Orange & A. R. Co.* v. *City of Alexandria,* 17 Gratt. 184, Judge Joynes, in commenting upon a similar provision in the Alexandria charter, says: "This proviso only expresses a limitation upon the power of the council that would have been implied without it. But it does not confine the taxing power of the council to such subjects as may from time to time be taxed by the State. The power is general—to be applied, in the discretion of the council, to any subjects of taxation which may not be withdrawn from their power by the paramount authority of the legislature. The necessities of the city might be such, as compared with those of the State, as to make it proper and just for the city council to embrace subjects of taxation which for the time the condition of the State might enable it to spare, and it would be competent for them to do so." The tax contested in that case, it was contended, was not imposed by the State, and therefore could not be by the city. The court held that the demand of the State was in lieu of a tax, and it was therefore not necessary for the direct question, whether the city could tax what the State did not, to be decided. The opinion expressed by the learned judge is, notwithstanding, entitled to great weight, and is at least very persuasive authority in this case.

Charters of cities are subject to repeal, and any abuse of the

powers granted can therefore be corrected at any time by the paramount authority of the legislature.

For these reasons the decree appealed from must be reversed, the injunction awarded the appellees dissolved, and the bill dismissed.

*Reversed.*