STATE *vs.* GREENSBURY A. SHORT.

*Information—Primary Election—Demurrer—Divided Court
—Nolle Prosequi.*

1. The information charged that the defendant made corrupt use of money as an inducement or reward for the giving a vote at a certain primary election held by the Republican party, etc., without defining the character of such primary election.

2. The information was specially demurred to, because it did not appear that said primary election was "held for the purpose of nominating any candidate or candidates to be voted for at a general, special or municipal election in this State or elsewhere," as provided in *Article* 5, *Section 7 of the Constitution,* under which the information was framed. In other words, that the information did not describe any offense under the penal portion of the Constitution.

3. The Court, consisting of two Judges, could not agree upon the question raised by demurrer.

*(April 17, 1907.)*

Judges SPRUANCE and BOYCE sitting.

*Robert H. Richards,* Attorney-General, for the State.

*Daniel J. Layton, Jr.,* for the defendant.

Court of General Sessions, Sussex County, April Term, 1907.

INFORMATION for violation of *Section* 7, *Article* 5, of *Constitution,* by offering money for a vote at a primary election in Sussex County.

DEMURRER. See facts in opinions following.

SPRUANCE, J.:—We have considered the demurrer argued this morning, and are now prepared to announce our conclusions.

It will be understood that what I shall say is the expression of my own views as a member of the Court, and not the announce-

ment of the opinion of the Court, as I understand that my brother Boyce does not feel able to agree with the views which I entertain upon this subject.

The two counts of the information, as far as the matter now under consideration is concerned, are substantially the same. They charge that the defendant made corrupt use of money to influence a vote, to-wit; the vote of one Byron Salmons, as an inducement or reward for the giving a vote, to-wit, the vote of him the said Salmons, at a certain primary election then and there being held by the Republican party, etc., without defining the character of that primary election. The demurrer alleges, as a special cause of demurrer, that it does not appear by said information that the said primary election was "held for the purpose of nominating any candidate or candidates to be voted for at a general, special or municipal election in this State or elsewhere," as provided in *Article* 5, *Sec.* 7 *of the Constitution*, under which the information is framed. In other words, that the information does not describe any offense under this penal portion of the Constitution.

The provision of the Constitution under which the information is filed, omitting the parts that are not connected with this matter, is as follows: "Every person who either in or out of the State shall receive or accept, or offer to receive or accept, or shall pay, transfer or deliver, or offer or promise to pay," etc., "to be paid or used, any money or other valuable thing as a compensation, inducement or reward for the giving or withholding, or in any manner influencing the giving or withholding, a vote at any general, special or municipal election in this State, or at any primary election, convention or meeting held for the purpose of nominating any candidate or candidates to be voted for at such general, special or municipal election;" etc.

The only definition of the quality of the election at which this corrupt use of money is alleged, is that it was a primary election. This is not sufficient.

As I read this provision of the Constitution it is applicable not to every kind of primary election, but only to a primary elec-

tion "held for the purpose of nominating any candidate or candidates to be voted for at such general, special or municipal election." The same definition is to be applied to the words "convention" and "meeting," precisely as if this provision had read thus: "Influence the giving or withholding a vote at any primary election held for the purpose of nominating any candidate or candidates to be voted for at such general, special or municipal election, or at any convention held for the purpose of nominating any candidate or candidates to be voted for at any such general, special or municipal election; or at any meeting held for the purpose of nominating any candidate or candidates to be voted for at such general, special or municipal election."

The contention of the learned Attorney-General would make this provision apply to a primary election held for the purpose of choosing delegates to a State Convention, whose sole business was to pass resolutions, or to elect delegates to a national convention, which national convention should select candidates to be voted for at the general election.

We sometimes speculate as to what the law-making body—the Legislature or Constitutional Convention—intended to do. It is very difficult to tell what the members of the Convention thought upon this subject, but the only important question is, what did they do? Where their meaning can be found within the four corners of the instrument, that is the end of all construction. To my mind there is no ambiguity about this matter. It is plain and simple, that this provision is applicable only to a primary election "held for the purpose of nominating any candidate or candidates to be voted for at such general, special or municipal election."

This information does not describe the primary election in question further than to call it a primary election held by the two parties in a certain place. Nobody can know from reading the information what was the purpose of the said primary election. Was it to nominate candidates to be voted for at a general election? If so, it ought to have been stated. We cannot infer it. Was it to nominate delegates to a State Convention which should nominate candidates for office? We do not know. The

information fails to describe any offense punishable under the said provision of the Constitution. If this case should go to trial, whatever might be the evidence as to the use of money for corrupt purposes, I should be obliged to vote not guilty; because I could not consent to the conviction of a man for an act which is not an offense under the Constitution or laws of this State.

BOYCE, J.:—I regret very much that I am unable to concur with my brother Spruance.

The information in this case was filed under *Article* 5, *Section 7 of the Constitution* of this State, which provides that "Every person who either in or out of the State shall receive or accept, or offer to receive or accept or shall pay, transfer or deliver, or offer or promise to pay, transfer or deliver, or shall contribute, or offer or promise to contribute, to another to be paid or used, any money or other valuable thing as a compensation, inducement or reward for the giving or withholding, or in any manner influencing the giving or withholding a vote at any general, special, or municipal election in this State, or at any primary election, convention or meeting held for the purpose of nominating any candidate or candidates to be voted for at such general, special or municipal election * * * shall be deemed," etc.

There are two counts in the information. It is only necessary to state the substance of the first which charges "that Greensbury A. Short, on the first day of September, A. D. 1906, at Georgetown Hundred, in the County of Sussex, and State of Delaware, did unlawfully offer and promise to pay to another, to-wit; to a certain Byron P. Salmons, certain money, to-wit, the sum of five dollars, etc., as a compensation, etc., for the giving a vote, to-wit, the vote of him, the said Byron P. Salmons, at a certain primary election, then and there being lawfully held," etc.

Counsel for the defendant has demurred to the information, and he has assigned as one of the reasons therefor "that it does not appear in and by said information that the primary election therein specified and mentioned was held for the purpose of nominating any candidate or candidates to be voted for at any general, special or municipal election to be held in this State."

Primary elections in this and in Kent County were held for many years before, and at the time of, the adoption of the Constitution, and have since been, and are now, held for the purpose of electing delegates to a convention, county or state, as the case may be, to nominate candidates to be voted for, etc., and were not and are not now, held for the purpose of nominating candidates to be voted for, etc.

The question before us is one of construction, and it turns upon the meaning of the phrase contained in the said section of the Constitution, which reads:—"Or at any primary election, convention or meeting held for the purpose," as above quoted. It involves a simple question of intention, and it is not one where the intention is rendered doubtful by reason of apparently conflicting provisions or directions in the Constitution. It is simply whether the particular offense as charged in the information is expressly or explicitly provided for by the said article of the Constitution. The words used in the said phrase, relied upon by the demurrant, are clear and unambiguous, and there is scarcely any room left for construction. The most that may be said is that the particular intention of the framers of the Constitution is not precisely expressed. Grammatically, the language of the phrase itself may be read two or more ways. This being so, it becomes the duty of the Court to so render it as that it will convey the true sense and meaning which the framers intended.

It is perfectly manifest that the design and purpose of the said article of the Constitution was to eradicate, if possible, bribery at elections in this State. The framers were familiar with the evil existing at the time of the adoption of the Constitution, and the members from Kent and Sussex Counties were not less so than those from New Castle County. It was intended by the said article to strike at the very root of the evil of bribery at elections, by preventing it at primary elections. It is conceded that the Constitutional Convention did unmistakably make provision against the evil at, "any primary election, convention or meeting held for the purpose of nominating candidates," etc.

No such primary elections were held in Kent and Sussex Counties but might be held in New Castle County under a primary election law for that County. The framers of the Constitution are presumed to have had knowledge of the character of primary elections then held in this State, and that there were two kinds. And it seems inconceivable that they should have intended to prohibit bribery at one kind of primary elections and not at the other; and that the members of the Convention from Kent and Sussex Counties, composing as they did, two-thirds of the membership of the Convention, should have intended to make bribery at primary elections in New Castle County, if held under the primary election law for that County, a criminal offense, and not have intended to make bribery at primary elections held in Kent and Sussex Counties a like offense.

Was not the evil likely to be as great at a primary election held to elect delegates to a county or State convention as it was at a primary election "held for the purpose of nominating candidates," etc?

And as we find the language and grammatical construction of the said phrase, in view of the design and purpose of the said article, may we not reasonably conclude that the framers of the Constitution intended it to embrace both kinds of primary elections?

With their knowledge of the existence of the evil of bribery and their evident intended purpose to eradicate it, are we not bound to infer such an intention?

It has been urged that because the said article is penal, it must be construed strictly. This is a settled principle in the construction of penal statutes. But this rule is not so strict as to require that the very purpose and intention of the framers of the Constitution should be defeated. A constitution is not to receive a technical construction, like a common law instrument or a statute. It is to be interpreted so as to carry out the principles and purposes of the government, not to defeat them.

*Thomison vs. Bachert,* 112 *Pa. St.,* 322.

The phrase relied upon by the defendant being a part of the

Constitution, should, at least, receive such liberal construction as will enable us to arrive at the intention which the framers had in mind in adopting the article containing it. And in seeking their intention, though dealing with a penal provision, I think it safe to say that there is no presumption of an intention to use the words of the said phrase in that restricted sense in which counsel for the defendant has construed it.

If used in that restricted sense, it must be because it appears to express the clear, unmistakable intention of the farmers, to be gathered from the phrase itself.

The construction which I am constrained to contend for, being equally within the letter or language of the phrase, may be fairly inferred to be within the intention of the framers; and especially so if it shall best promote the object and purpose of the framers in adopting it.

If I can find in reading said article that the framers of the Constitution have made it an offense to offer and promise to pay to another any money as a compensation, etc. for the giving a vote at a primary election, without the qualifying words "held for the purpose," etc.—that the phrase relied upon has that meaning equally with another without involving an absurdity or contradiction,I am at liberty, especially in view of the evident object and purpose of the Constitutional Convention, to say that such was their intention. It, therefore, seems to me that the case at bar is clearly within the intention of the framers of the Constitution—especially so when I consider the tenor of the whole of the said article, and the object and purpose which the framers had in mind adopting it. I realize that the plain and obvious meaning of the Constitution is not to be overridden by extraneous considerations, but when the text is susceptible of more than one reading as in this case, and there is nothing in the other parts of the Constitution which requires it to be read in the restricted sense contended for, resort may properly be had to the circumstances attending the formation of the Constitution and the evil intended to be removed or the benefit sought to be secured by the provision in question, as well as broad considerations of expe-

diency; the object being to ascertain the reason which induced the framers of the Constitution to adopt the particular provision and the purpose sought to be accomplished thereby, in order so to construe the whole as to make the words consonant to that reason and calculated to effect that purpose.

*Black on Inter. of Laws*, 29.

Independent of any reading or grammatical construction which might be given the said phrase so as to relieve it of the restricted construction contended for by the defendant, I cannot escape the conviction that one object and purpose which the framers had in mind in adopting the said article of the Constitution, was to prohibit bribery at primary elections in this State, and that they did not intend to qualify such primary election by the words "held for the purpose," etc.

Again, it is said to be a general rule, that relative, qualifying or limiting words or clauses in a statute are to be referred to the next preceding antecedent, unless the context, or the evident meaning of the enactment, requires a different construction. Surely, when the evident meaning and purpose of the said article is considered in the light of the evil which it was designed to remedy, there is not anything to be found in the said article which requires that the qualifying words "held for the purpose" etc. should be referred to "primary election." There is in this case no necessity for applying the said qualifying phrase to the antecedent "primary election" in order to avoid violating any evident purpose of the Constitutional Convention in adopting the said article. The purpose of the framers seems to be clearly met if the said phrase is limited to and made to qualify the antecedent word "convention or meeting." Indeed in this case there would be no absurdity if it should be held that the qualifying words refer to "meeting" only, the last antecedent.

*Black on Inter. of Laws*, 150.

It seems to me that "primary election" is a term or expression definite and complete in itself, and that it stands alone in the light of the general scope and purpose of said article, and that the context does not plainly show, nor do the rules of construction,

either legal or grammatical, require that it should be construed in the limited or restricted sense contended for by the counsel for the defendant.

To hold that the said qualifying words "held for the purpose," etc., refer to and qualify "primary election" is, in my opinion, to run counter to the apparent meaning, purpose and intention of the framers of the Constitution; and I am, therefore, of the opinion that the demurrer should be overruled.

*Nolle prosequi* entered by the State.