**OPINION OF THE JUSTICES of the Supreme Court in Response to Questions Propounded by the Governor of Delaware.**

Supreme Court of Delaware.

July 31, 1972.

To His Excellency Russell W. Peterson, Governor of Delaware:

Reference is made to your letter, dated July 21, 1972, stating that, pursuant to 29 Del.C. § 2102, you require for public information the opinions of the Justices of the Supreme Court upon the following constitutional questions:

"1. Does 15 Del.C. Section 5503(3),[1] as amended by 58 Delaware Laws, Ch. 397, January 25, 1972, deny the right to vote in primary elections to persons unavoidably absent on primary election day, while granting such a right to other persons, such that it violates the requirement of free and equal elections of Article I, Section 3, of the Constitution of the State of Delaware, [Del.C.Ann.], and the equal protection clause of the Fourteenth Amendment to the United States Constitution?

"2. Does 15 Del.C. Section 5503, as amended, providing for casting of absentee ballots in primary and special elections, without providing for adequate instructions to such absentee voters as to the manner of obtaining a ballot .and casting a vote, violate Article I, Section 3, of the Constitution of the State of Delaware, which requires that all elec- ·tions be free and equal?

"3. May the General Assembly constitutionally provide by statute for absentee voting by any person in an election other than a general election?"

Because of its basic nature, we consider Question 3 first.

## I.

■ The answer to Question 3 lies in the fundamental precept that the General Assembly has all legislative power not expressly or impliedly limited by the Constitution. The "legislative hand is free except as the constitution restrains." Collison v. State ex rel. Green, Del.Supr., 9 W.W.Harr. 460, 2 A.2d 97 (1938). This is sometimes known as the residual power doctrine.

Accordingly, it is not necessary to find in the Constitution an express grant to the General Assembly of authority to provide for absentee voting in primary elections; the inquiry is whether there is any limitation in the Constitution upon the power of the General Assembly to do so. In the absence of such constitutional limitation, the power of the General Assembly to provide for absentee voting in primary elections, as it has done in § 5503, is unquestionable.

■ We find in the Constitution no limitation upon the power of the General Assembly to legislate in this field. Unlike the terminology elsewhere, it is clear that the term "general election" as used in our Constitution does not include primary election. See Del.Const. Art. 5, § 1; compare 25 Am.Jur.(2d) "Elections" § 3. The only reference to primary elections in the Con-

---

1. 15 Del.C. § 5503, as amended January 25, 1972 (58 Del.Laws, Ch. 397), provides:

"§ 5503.  PERSONS ELIGIBLE TO VOTE BY ABSENTEE BALLOT

"Any qualified elector of this State, duly registered, may cast his vote by absentee ballot in any general election, primary election choosing candidates for statewide or local offices, or special election held under the provisions of Chapter 73 of this title, such votes to be counted in the total for the election district in which he is registered if he is unable to appear at the polling place of his election district because of being:

"(1) In the public service of the United States or of this State,

"(2) In the Armed Forces of the United States or the Merchant Marine of the United States, or attached to and serving with the Armed Forces of the United States in the American Red Cross, Society of Friends, or United Service Organizations, or

"(3) Unavoidably absent from the county in which he resides on the day of the general election, or

"(4) Sick or physically disabled."

stitution appears in Art. 5, § 7;[2] and it is not a limitation upon the legislative power.

We have considered the force and effect of State ex rel. Walker v. Harrington, Del.Supr., 3 Terry 346, 30 A.2d 688 (1943) and State v. Lyons, Del.Gen.Sess., 1 Terry 77, 5 A.2d 495 (1939). In each of those cases, the Court found in the Constitution an implied limitation upon absentee voting in general elections. Shortly after the *Harrington* decision, the Constitution was amended by adding § 4A to Article 5.[3] It is clear that the holdings in *Lyons* and *Harrington* are limited to general elections, as are the provisions of the resultant Art. 5, § 4A.

The silence in the Constitution as to primary elections is not surprising. Traditionally in this State, until the recent enactment of 15 Del.C. § 3116[4] and § 5503, primary elections, like nominating conventions, were considered the special province of the political parties, to be conducted by them under party rules and regulations.

Manifestly, the nominating process, except for the purity protections of Art. 5, § 7, was not considered a matter for constitutional coverage. See State v. Short, Del. Gen.Sess., 7 Pennewill 408, 80 A. 631 (1911). The silence of the Constitution as to primary elections becomes especially meaningful, we think, in view of the express recognition by the framers in § 7 of the existence and nature of primary elections. It appears that the framers of the Constitution intentionally and successfully avoided any limitation upon the legislative powers of the General Assembly as to primary elections.

It is our opinion, therefore, that the answer to Question 3 is affirmative.

## II.

Question 1 is addressed solely to subparagraph (3) of § 5503.

If possible, it is our duty to read statutory language so as to avoid constitu-

---

2. Del.Const. Art. 5, § 7 provides for criminal prosecution of "Every person who either in or out of the State shall receive or accept, or offer to receive or accept, or shall pay, transfer or deliver, or offer or promise to pay, transfer or deliver, or shall contribute, or offer or promise to contribute, to another to be paid or used, any money or other valuable thing as a compensation, inducement or reward for the giving or withholding, or in any manner influencing the giving or withholding, a vote at any general, special, or municipal election in this State, or at any · primary election, convention or meeting held for the purpose of nominating any candidate or candidates to be voted for at such general, special or municipal election; or who either in or out of the State shall make or become directly or indirectly a party to any bet or wager depending upon the result of any such general, special, municipal or primary election or convention or meeting, or upon a vote thereat by any person; * * *."

3. Del.Const. Art. 5, § 4A provides:
   "Section 4A. The General Assembly shall enact general laws providing that any qualified elector of this State, duly registered, who shall be unable to appear

to cast his or her ballot at any general election at the regular polling place of the election district in which he or she is registered, either because of being in the public service of the United States or of this State, or because of the nature of his or her business or occupation, or because of his or her sickness or physical disability, may cast a ballot at such general election to be counted in such election district."

For comparison, it is noteworthy that the proposed new constitutional provision on the subject, first passage accomplished by the 126th General Assembly, provides as follows:
"5.04. Absentee voting
"The General Assembly shall provide, by general law, for the voting of persons entitled to vote who are absent from this State, or who are sick or physically disabled."

4. 15 Del.C. § 3116 provides for a primary election when a candidate receives 50% and any other candidate receives at least 35% "of the eligible votes cast on the final polled vote in the convention" of any political party "for the nomination of United States Senator, Representative in Congress, Governor and other state officers."

tional questionability and patent absurdity. We are required to give to statutory language a reasonable and suitable meaning; it is to be presumed that the Legislature did not intend an unreasonable, absurd, or unworkable result. E. I. Du Pont De Nemours & Co. v. Clark, Del.Supr., 32 Del.Ch. 527, 88 A.2d 436 (1952).

A literal reading of sub-paragraph (3) results in both absurdity as to meaning and doubt as to validity. The evolution of § 5503 discloses the source of this unfortunate result:

■ Prior to its 1972 Amendment, § 5503 was limited to "any general election" [5] By the 1972 Amendment, § 5503 was enlarged to cover "any general election, primary election choosing candidates for statewide or local offices, or special election held under the provisions of Chapter 73 of this title." The difficulty and the absurdity in § 5503(3) arose when, having thus enlarged the basic coverage of § 5503, the General Assembly failed to enlarge the "Unavoidably absent" provision of (3) to conform to the basic enlargement, thus permitting the "general election" reference therein to remain unaltered. Obviously, the drafters of the 1972 Amendment inadvertently failed to strike out the word "general" in sub-paragraph (3). In order to remove the absurdity and the constitutional doubt, pursuant to the requirement that meaning, viability, and workability be accorded to statutory language wherever possible, we are of the opinion that sub-

paragraph (3) should be read as though the word "general" had been stricken therefrom as obviously intended; so that sub-paragraph (3) shall be deemed to read:

"(3) Unavoidably absent from the county in which he resides on the day of the election, or * * *."

As thus read, there is no constitutional problem as to primary elections caused by sub-paragraph (3).

Upon that premise, it is our opinion that the answer to Question 1 is negative.

■ But there is a caveat as to general elections in this connection: Del.Const. Art. 5, § 4A specifically enumerates the classifications of persons eligible to vote by absentee ballot at general elections. We are of the opinion that by expressly including certain classifications, the drafters of § 4A impliedly excluded all other classifications. It is beyond the power of the Legislature, in our opinion, to either limit or enlarge upon the § 4A absentee voter classifications specified in the Constitution for general elections. It is our opinion, therefore, that, insofar as general elections are concerned, the classifications in § 5503(2) are unconstitutional limitations, and the classification in § 5503(3) is an unconstitutional enlargement, upon the "business or occupation" classification of absentee voter in Del.Const. Art. 5, § 4A. The mandate of § 4A, that the "General Assembly shall enact general laws" for absentee voting at general elections is not

---

5. Prior to its 1972 Amendment, 15 Del.C. § 5503 provided:

"§ 5503. Persons eligible to vote by absentee ballot

"(a) Any qualified elector of this State, duly registered, who shall be unable to appear to cast his ballot at any general election at the regular polling place of the election district in which he is registered, either because of being in the public service of the United States or of this State, or because he will be unavoidably absent from the county on the day

of the general election, or because of his sickness or physical disability, may cast a ballot at such general election to be counted in the total for such election district."

It is noteworthy, for reasons hereinafter stated, that a 1969 Amendment (57 Del.Laws, Ch. 181, § 75) substituted "or because he will be unavoidably absent from the county on the day of the general election" for "or because of the nature of his business or occupation." Compare Del.Const. Art. 5, § 4A.

met by § 5503 insofar as the "business or occupation" classification in § 4A is concerned.

While the questions before us are confined to primary elections, we have taken the occasion to raise this caveat as to general elections for the timely consideration of all concerned.

### III.

Question 2 presents little difficulty.

■ There is no constitutional requirement for statutory instructions for absentee voters at primary elections. Therefore, the absence of a statutory provision for such instructions creates no constitutional difficulty.

■ The State Election Commissioner and the several Departments of Elections have ample authority to promulgate and issue instructions governing absentee voting in primary elections. See 15 Del.C. §§ 101 and 303. Presumably, when issued, such instructions will not violate the guaranties of free and equal elections or the provisions of § 5503. See McDonald v. Board of Election Commissioners of Chicago, 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969).

It is our opinion that the answer to Question 2 is negative.

\* \* \*

The foregoing opinions are unanimous.

We express appreciation to Chief Deputy Attorney General Jerome O. Herlihy, State Solicitor Kent Walker, and Frank O'Donnell, Esquire, formerly attorney for the Department of Elections of New Castle County, for their valuable assistance in this matter.

Respectfully submitted,
DANIEL F. WOLCOTT
Chief Justice

JAMES B. CAREY
D. L. HERRMANN
Justices.