DEMOCRATIC COMMITTEE OF the TOWN OF ELSMERE, an unincorporated association, John Jaremchuk, Jr., Chairman of the Democratic Committee of the Town of Elsmere and Democratic Party Candidate for the Office of the Mayor of the Town of Elsmere, Plaintiffs,

v.

The MAYOR AND COUNCIL OF the TOWN OF ELSMERE, a Municipal Corporation, William B. Austin, IV, the Mayor of the Town of Elsmere, Floyd A. Guernsey, Edward F. Doyle, Alice R. Ciccaglione, Hugh C. Christian, John M. Dougherty, John L. Mitchell, Sr., Members of the Council of the Town of Elsmere, Defendants.

Superior Court of Delaware, New Castle County.

Submitted April 20, 1977.

Decided April 22, 1977.

Clifford B. Hearn, Jr., of Balick & Hearn, Wilmington, for plaintiffs.

John G. Mulford, of Theisen, Lank & Mulford, Wilmington, for defendants.

## DECISION AFTER HEARING

TAYLOR, Judge.

Plaintiffs seek writ of mandamus dealing with three subjects concerning the election for the offices of Mayor, members of Town Council, Treasurer and Assessor, to be held on April 30, 1977. The issues are:

(1) The placement of the three political parties' candidates on the ballot;

(2) The use of the name "Independent-Democrat" by one political party, there being another political party which bears the name "Democrat";

(3) Only the candidates of the Independent-Democrat party were granted an exception which permitted the use of sound trucks in connection with that election.

With respect to item number (3), at the hearing, the attorney representing the Town stated that the permission to use sound trucks in connection with the election was granted to the candidates of all three political parties. This representation was accepted by the attorney for plaintiffs, and, therefore, issue number (3) does not require judicial attention.

The parties have conceded that if plaintiffs are entitled to judicial relief, mandamus is a proper remedy.

### I

The action of the Town Council on April 6, 1977 directed that the candidates of the Independent-Democrat party be placed in the first column on the left side of the ballot and the candidates of the Democratic party be placed in the third column from the left. Plaintiffs rely on 15 Del.C. § 4502(a) in support of the proposition that the Democratic party candidates are required to be listed in the first column on the left side of the ballot. § 4502(a) by its express terms deals with ballots "[f]or each general election".

The phrase "general election" appears in Article 5 of the Delaware Constitution and in many sections throughout Title 15 of the Delaware Code. It is not defined. Hence, its meaning must be found from its usage. In *Opinion of the Justices*, Del. Supr., 295 A.2d 718 (1972) the Supreme Court noted the differentiation in the Delaware Constitution between a general election and other kinds of election. It pointed out that Article 5, § 7 provides for the purity of other types of election, specifically mentioning primary elections and municipal elections. The Supreme Court concluded that "general election" is used in the Delaware Constitution in a restrictive sense. The specific holding in that Opinion was that general election does not encompass primary election to nominate candidates for a general election.

The decision of the Delaware Supreme Court in *Abrahams v. Superior Court*, Del. Supr., 11 Terry 394, 131 A.2d 662 (1957) focuses on the question of whether a municipal election held at the same time as the statewide general election could be considered as being a part of the general election. In rejecting the affirmative of this question, the Court stated, at page 668:

"The fallacy of this argument is manifest. It confuses the general election with the municipal election. The fact

that municipal officers are elected on the day of the general election, by the same voting mechanics, does not convert the municipal election into a general election or make the municipal election a part of "the general election" as the phrase is used in the Constitution. It remains a municipal election, . . ."

In that Opinion, the Court reviewed the historic distinction in this State between general election and other types of election and concluded that at least in Delaware constitutional usage, the term general election does not include municipal election. See also, *Brennan v. Black*, Del.Supr., 34 Del.Ch. 380, 104 A.2d 777 (1954).

Turning to Title 15, Delaware Code, it is noted that the caption for the Title is "Elections". Within that Title, some sections refer to "election" and some refer to "general election". A few sections address themselves specifically to municipal elections, namely, § 4101 which provides that residency requirements for candidates may be as set forth in municipal charter; § 5003 which requires voting machines to be used in all municipal elections; § 5162 which provides criminal penalty for intimidating an elector at any general, special or municipal election; § 5301 which forbids bringing or sending an armed soldier at or within 5 miles of a voting place on the day of any general, special or other election; § 7501 which provides for handling of ballots in municipal elections; and §§ 7521–28 which deal specifically with municipal elections in Wilmington and provide that such election shall be conducted "in conformity with the provisions governing general elections as provided under this title" and make certain specified chapters of that title applicable to such elections.

No provision of statute has come to the Court's attention which indicates a legislative intent to use the term "general election" in a different sense than it is used in the Delaware Constitution.

As noted above, § 4502(a) prefaces its directive with the words "[f]or each general election". Its directive relates to ballots. Its context shows that it relates to a "State,

County and District Ballot," and includes an appropriate expansion for President and Vice President when applicable. The form of certificate which appears in the same chapter in § 4508 refers only to the offices which are traditionally elected at the "general election" of the constitutional meaning. The functions of administering the election, in general, are vested by this chapter in the department of elections, and § 4515 provides for certification of the costs of election in November and payment of those costs by the State Treasurer. The language of Chapter 45 is consistent with the constitutional usage of "general election" and nothing indicates an intention to give the term a different meaning.

■ Accordingly, I find that 15 Del.C. § 4502(a), standing alone, does not prevent the placing of party candidates on the ballot for the Elsmere election as directed by Council.

II

Plaintiffs' next contention is that the action of Council in authorizing the Independent-Democrat party to be listed on the ballot violates 15 Del.C. § 3302(a).

Unlike § 4502(a) discussed above, § 3302 does not specifically refer to general election. Chapter 33 in which § 3302 appears deals with the nomination process and its relationship to the ballots. § 3301 and § 3302 deal with the content of certificates of nomination. § 3301 specifies the depositories for certifying candidates for national offices, Governor and other state offices, State Senator and State Representative and county offices. It makes no reference to any other offices, and it prohibits candidates' names to appear on the ballot "in any general election" unless nominated in the manner prescribed. § 3302 provides requirements and limitations on the party designation to appear on the certificates of nomination and on the ballot. § 3303 provides for filing the certificates of nomination "on or before the 1st day of September of the year of any general election." § 3304 provides for certification of candidates to

the department of elections 50 days before the general election. § 3306 authorizes filing of supplemental certificates by "the state, county or city (if a municipality holds its election at the time of the general election) committee". It is noted that all of the administrative functions provided in Chapter 33 are required to be done by state or county officials. The publication of nominations certified under that chapter is required to be done by the Clerk of the Peace.

Chapter 31, Title 15, which deals with primary elections, contains certain provisions which are applicable to municipal elections. § 3101 is applicable to candidates for local office whose election is determined in November of the even-numbered years. § 3103 and § 3106 relate to candidates for municipal office whose election is at the time of the general election. § 3122 refers specifically to municipal election in the City of Wilmington.

From this examination of the statutory provisions in Chapters 31 and 33, I conclude that the provisions of those chapters involve matters which culminate in a general election or an election held at the time of a general election as that term is used in the Delaware Constitution.

I conclude that 15 Del.C. § 3302(a), standing alone, does not prevent the inclusion of the party name Independent-Democrat on the ballot.

### III

Section 38 of the charter requires consideration. It empowers Council to "make all necessary rules and regulations not inconsistent with this Charter nor with the general laws of the State of Delaware for the conduct of elections, for the prevention of fraud in elections and for the recount of ballots in case of doubt or fraud." While broad powers to regulate the conduct of elections are granted to Council, they are subject to limitation, namely, to make regulations which are not inconsistent with the charter or with the general laws for the conduct of elections. This is a limitation imposed upon Council by the draftsmen of the charter.

The question is whether the language "general laws of the State of Delaware for the conduct of elections" was intended to refer solely to statutes which by their terms apply to municipal elections, or whether it also includes the election laws which apply to general elections. Three arguments support the broader interpretation. The phrase refers to "general laws . . . for the conduct of elections." Recognizing that only a few statutory sections deal with municipal elections, the use of "general laws" would indicate an intention to encompass the broad field of statutory provisions relating to the conduct of elections. It cannot be overlooked that for the most part the election statutes are directed toward the general election, and, hence, those laws could be considered to be the "general laws" referred to in the charter. Second, a simple reference to election statutes applicable to Elsmere or municipalities would have been used rather than the broad language, if the limitation had been intended to be so restricted. Third, it does not appear that the draftsmen of the charter intended to insert a restriction which merely referred to statutory regulations which would bind the Town without charter reference.

Under Section 38, the test is whether the actions of Council described above are inconsistent with the general laws for the conduct of elections. The phrase "not inconsistent with" requires that there be a conflict with the other provision. *City of Norfolk v. Norfolk Landmark Pub. Co.*, 95 Va. 564, 28 S.E. 959 (1898); *Stone v. State ex rel. Goetz*, 30 Ala.App. 489, 8 So.2d 208 (1942). Inconsistent means logically incompatible, contradictory or inharmonious. *Borough of Oakland v. Board of Conservation and Development*, 98 N.J.L. 99, 118 A. 787 (1922); *Hall v. Phillips Petroleum Co.*, 358 Mo. 313, 214 S.W.2d 438 (1948).

Section 39 of the charter provides for the use of party designations on the ballots. This invokes provisions of those general laws which relate to party designations and columnar listing by parties. Although 15 Del.C. § 4502(a) and § 3302(a) do

not by their terms govern municipal elections, I conclude that they are general laws governing the conduct of elections within the meaning of Section 38 of the charter.

§ 3302(a) contains a specific prohibition against use of particular party names and § 4502(a) specifies the columnar location of the candidates of the Democratic and Republican parties. Both provisions are mandatory and exclusive in the subject covered. I find that the use of the name Independent-Democrat on the ballot is inconsistent with § 3302(a) and the placing of the candidates of the Democratic party in a column other than the first column on the left-hand side of the ballot is inconsistent with § 4502(a). Accordingly, Council exceeded its powers under Section 38 of the charter by so providing.

The attorneys shall confer with the Court concerning an appropriate order.