# CIRCUIT COURT OF CHESTERFIELD COUNTY

Chesterfield Cablevision, Inc.

v.

County of Chesterfield

January 2, 1990

Case No. 88-431

By JUDGE WILLIAM R. SHELTON

Section 12-39(g) of the Chesterfield County Code states that suppliers of cable TV shall pay a business license tax and further provides the amount of such tax. Pursuant to this, the County has, since 1985, assessed Chesterfield Cablevision, Inc., with business license taxes.

Under Virginia Code § 58.1-3703(A), the County is granted authority to assess business license taxes against any business, trade, profession, occupation, or calling conducting business in the County. Virginia Code Section 58.1-3703.[1] Part (B)(3) of Virginia Code § 58.1-3703 sets

---

[1] Virginia Code Section 58.1-3703. Counties, cities, and towns may impose local license taxes; limitation of authority. A. The governing body of any county, city, or town may levy and provide for the assessment and collection of county, city, or town license taxes on businesses, trades, professions, occupations, and callings and upon the persons, firms, and corporations engaged therein within the county, city, or town, subject to the limitations provided in Subsection B of this section. B. No county, city, or town shall levy any license tax . . . .

3. Upon the privilege or right of printing or publishing any newspaper, or for the privilege or right of operating or conducting any radio or television

out exceptions which limit the County's authority to assess a business tax, particularly (B)(3) exempts any television broadcasting station or service from the license tax. Virginia Code § 58.1-3703(B)(3).

Cablevision, Inc., contests the license tax which it has been assessed on three grounds. First, that it falls within the exemption set out in Virginia Code Section 58.1-3703(B)(3) because it qualifies as a television broadcasting station or service, and thus, the County has exceeded its authority by including cable stations in its licensing tax. Secondly, that the language in the exemption should be read to apply to any TV broadcasting station or any TV service, thereby encompassing both stations which do and do not broadcast. Third, if the above exemption does not apply, then the tax is violative of the right to free speech and is unconstitutional under the First Amendment of the United States Constitution, and also under Article 1, Section 12, of the Constitution of Virginia, which is almost identical to the First Amendment.

The County, by demurrer, asserts that on all counts, Cablevision, Inc.'s motion for judgment fails to state a cause of action and is insufficient at law. This Court finds that the County's demurrer should be sustained.

Initially, there has been some debate as to the rules of statutory construction to be applied in this case. The plaintiff cites to the rules of construction set out in *Estes v. Richmond* as controlling under the present facts. *Estes v. Richmond*, 193 Va. 181, 189, 68 S.E.2d 109 (1951). The Court does not feel that the case before it falls under the rules set out in *Estes* because the issue in that case was whether a certain business was included within the language of a local business license tax ordinance. In the present case, there is no dispute that cable television stations are included in the County's business license tax ordinance. Chesterfield County Code Section 12-39(2) specifically provides that "a supplier of cable TV" is subject to taxation as a personal service business. The Court finds the proper standard of construction to be that set out in *Winchester TV Cable v. State*

broadcasting station or service.

*Tax Com.,* 216 Va. 286, 289, 217 S.E.2d 885 (1975). There the court stated that "[t]axation is the rule and not the exception; statutory tax exemptions are construed strictly against the taxpayer; and when a tax statute is susceptible to alternative constructions, one granting an exception and the other denying it, the latter construction will be adopted." *Winchester TV Cable,* 216 Va. 286, 290, 217 S.E.2d 885 (*citing Commonwealth v. Progressive Community Club,* 215 Va. 732, 734-36, 213 S.E.2d 759, 761-62 (1973)). Like *Winchester,* the issue in this case is whether or not the taxpayer fits within the exception created by the General Assembly, thereby leaving the County powerless to impose a licensing tax on cable television services. The rules of construction, set out in *Winchester,* should furnish the background for the Court's decision.

We now turn our attention to whether or not it can be said that as a matter of law that Chesterfield Cablevision, Inc., does not qualify for the exemption set out in Virginia Code § 58.1-3703(B)(3) because it is not a "broadcasting" service. The Court addressed this issue in *Winchester TV Cable. Winchester TV Cable,* 216 Va. 286, 217 S.E.2d 885 (1975). In the case of *Winchester TV Cable,* the question was whether the owner and operator of a community antenna television (CATV) system was entitled to be exempt from sales and use taxes on certain tangible personal property. *Winchester TV,* 216 Va. 286, 217 S.E.2d 885 (1975). Virginia Code § 58-441.6(j) exempted "broadcasting equipment and parts and accessories thereto and towers used by commercial radio and television companies or concerns which are under the regulation and supervision of the Federal Communication Commission." Thus, the issue was whether CATV was "broadcasting" for § 58-441.6(j) purposes.

The court in *Winchester TV* held that the CATV did not qualify for the exemption. The Court examined the dictionary definitions of "broadcasting" and "broadcast." According to the dictionary, "broadcasting" means dissemination to an unlimited number of receivers. *Winchester TV,* 216 Va. at 290 (citing Webster's Third New International Dictionary 280). The adjective "broadcast" means "made public by means of radio or television." *Winchester TV,* 216 Va. at 291.

In reaching their decision, the Court in the *Winchester TV* case relied on two prior U.S. Supreme Court cases which recognized a distinction between cable companies and broadcasters in regard to the Copyright Act. In the case of *Fortnightly Corp. v. United Artist Television, Inc.*, 392 U.S. 390 (1968), the Supreme Court had stated that:

> The function of CATV systems has little in common with the function of broadcasters. CATV systems do not in fact broadcast or rebroadcast. Broadcasters procure programs and propagate them to the public; CATV systems receive programs that have been released to the public and carry them by private channels to additional viewers.

392 U.S. at 400.

From this, the Court concluded that Winchester Cable TV's activities did not qualify as "broadcasting" because a cable company merely receives signals from other television stations, amplifies them and then sends them by wire only to its paying subscribers, not to the general public. *Winchester TV*, 216 Va. at 291.

The Court in *Winchester TV* also addressed the issue of whether the fact that a CATV system originates some programs which are wholly independent from the programs they receive from broadcasters makes it a broadcaster. The court, relying on the case of *Teleprompter Corp. v. Columbia Broadcasting System, Inc.*, refused to conclude that a CATV system is a "broadcaster" merely because it includes local origination within its total programming. *Winchester TV*, 216 Va. at 292. *See Teleprompter Corp. v. Columbia Broadcasting System, Inc.*, 415 U.S. 394 (1974).

The Supreme Court of Virginia has reaffirmed its *Winchester TV* decision that cable stations do not "broadcast" and programming is not "broadcasting" in the case of *WTAR Radio-TV v. Commonwealth*, 217 Va. 877, 881, 234 S.E.2d 245 (1977).

The case law from *Winchester TV* and *WTAR Radio-TV* clearly establish that CATV systems do not "broadcast" because they do not transmit signals to the general public at large as a radio or television broadcaster does. CATV signals are disseminated by wire only to those who have subscribed to the service and paid the fees. The case

before us is no different. Chesterfield Cablevision alleges in its motion that it "has been operating a television service consisting of distribution and dissemination of television programs to its subscribers in the County of Chesterfield." Thus, by the plaintiff's own acknowledgment, Chesterfield Cablevision only provides its service to paying subscribers and, therefore, does not fit within the definition of "broadcasting" which requires dissemination to the general public, or unlimited receivers. Thus, as a matter of law, Chesterfield Cablevision is not a broadcaster and is not engaged in broadcasting services. Plaintiff is not exempt from the business license tax under Virginia Code § 58.1-3703(B)(3).

Furthermore, we reject plaintiff's argument that the language of the exemption should be divided into independent parts, thereby qualifying Chesterfield Cablevision for the exemption because it is a "television service." A proper reading shows that the sentence is composed of interdependent parts. The exemption runs to "any radio or television broadcasting station or service" with broadcasting encompassing both station and service. As earlier stated, tax exemptions are to be narrowly construed in favor of the Commonwealth.

Finally, we must consider whether the licensing tax being imposed upon Chesterfield Cablevision violates the First Amendment of the U. S. Constitution or Article 1, Section 12, of the Virginia Constitution. Both of these constitutional provisions protect freedom of speech and press. The County assesses this business license tax pursuant to the authority granted by the General Assembly in Virginia Code § 58.1-3703. Therefore, to hold that the County's taxation of Cablevision is unconstitutional, we must find Virginia Code § 58.1-3703 to be unconstitutional.

Since 1898, Virginia case law has recognized that imposition of a licensing tax does not violate the right to freedom of press or speech. *Norfolk v. Norfolk Landmark Co.*, 95 Va. 564, 28 S.E. 959 (1989). In *Norfolk Landmark*, the Court states that "[a] tax imposed upon the business of publishing a newspaper is not an abridgement of the freedom of press." *Norfolk Landmark*, 95 Va. at 565. Similarly, the Supreme Court in *Minneapolis Star & Turbine Co. v. Minnesota Commissioner of Revenue* stated that:

> Nothing, however, prevents the State from taxing the press in the same manner that it taxes other enterprises. It can achieve its interest in requiring the press to bear its share of the burden by taxing the press as it taxes others . . . .

*Minneapolis Star & Turbine Co. v. Minnesota Commissioner of Revenue*, 460 U.S. 575 at 590, n. 12 (1983). The Court determined that so long as the tax is not designed to target activities protected by the First Amendment but instead is generally applicable to all, it may be imposed on a business engaged in First Amendment activities. *Id.*

Also, in the case of *Erie Telecommunications, Inc. v. City of Erie*, the Court citing to *Minneapolis Star* held that a franchise tax based on gross receipts on a cable television company did not violate the First Amendment because the tax was not intended to suppress or target the cable industry. *Erie Telecommunications, Inc. v. City of Erie*, 659 F. Supp. 580 (W.D. Pa. 1987). Thus, it is generally held that the government can impose taxes in a business engaged in free speech or press activities so long as the taxes are designed to raise revenue and not to restrict the content of the speech or press.

In the case at hand, the business license tax assessed on Cablevision's business operations is not targeted exclusively at cable systems or other business engaged in speech or press activities. Rather, the business license tax in Virginia Code § 58.1-3703 allows for a broad range of taxation when it states that license taxes may be assessed on businesses, trades, professions, occupations, callings, and upon persons, firms, and corporations. Acting under this grant of authority, the County has enacted ordinances imposing a license tax on a broad spectrum of businesses which fall within this language. Thus, both the State enabling legislation and the County ordinances assess a business license tax against a wide range of business operations not simply those engaged in First Amendment activities. This Court finds as a matter of law that neither the State nor the County has exclusively focused nor targeted the cable industry.

For the above reasons, the defendant's demurrer is granted on all counts.