CITY OF ST. JOSEPH, Respondent, v. LEWIS H. COX et al., Appellants.

Kansas City Court of Appeals, May 23, 1921.

1. **APPEAL AND ERROR:** Municipal Corporations: Courts: Judicial Power of Administrative Board: Jurisdiction: Court of Appeals has no Jurisdiction of Constitutional Questions. The contention that the Board of Public Works was without power or jurisdiction to hear or pass upon the matter of repaving a street, because of the unconstitutionality of sections 7967 and 7968, Revised Statues 1919, in that they conferred judicial power on the Board of Public Works, cannot be reviewed by the Court of Appeals, as it has no cognizance of Constitutional questions.

2. ———: ———: ———: ———: Statutes: Appeal from Board of Public Works to Circuit Court Governed by Section 7968, R. S. 1919, and it was not Error to Hear Same at the Term the Appeal was Taken. The general provisions of the code governing appeals from justices of the peace, viz., sections 2904, 2905 and 2906, Revised Statutes 1919, are inapplicable to appeals from Board of Public Works to the circuit court, which are governed by section 7968, Revised Statutes 1919, which provides that appeals may be taken within five days, in the manner provided by law for appeals from justices of the peace, and thereupon said circuit court shall become possessed of the proceedings and summarily determine by its judgment, etc., and it was not error to hear such an appeal at same term.

3. **MUNICIPAL CORPORATIONS:** Ordinances: Judgments: Result of Injunction Suit Holding Protesting Petitions not Filed in Time, Forecloses Question of Suspension of Ordinance. The question of the suspension of the force and effect of an ordinance, by pro-

testing petitions, is foreclosed by the result of an injunction suit holding that the petitions were not filed in time, and is also settled by section 7951, Revised Statutes 1919, authorizing the filing of petitions protesting against the passage of the ordinance, because petitions were not filed in proper time as required thereby.

Appeal from the Circuit Court of Buchanan County.— *Hon. Wm. H. Utz*, Judge.

AFFIRMED.

*A. F. Lindsay* and *C. W. Meyer*, (*Stigall, Meyer & Hamm*, of Counsel) for respondent.

*Eastin & McNeely* for appellant.

TRIMBLE, P. J.—The city authorities of St. Joseph, Missouri, instituted proceedings for the repaving of a portion of Frederick Avenue from the east line of Eighth to the east line of Seventeenth streets. The ordinance therefor was passed on July 28, 1919, and was approved by the Mayor on July 29th. On August 8, 1919, certain qualified voters of the city, under section 7951, Revised Statutes 1919, filed petitions protesting against the passage of said ordinance. Thereafter, on the—day of August, 1919, an injunction proceeding was brought in the circuit court to restrain the city officials from checking, authenticating and verifying said petitions on the ground that they were not filed within the time required by said section 7951. The circuit court in said proceeding entered a decree permanently enjoining the city authorities as prayed in the petition. An appeal was thereupon taken to this court which was afterwards dismissed.

The various steps required were taken, including the advertisement for bids, and, pursuant to section 7967, Revised Statutes 1919, the Board of Public Works published notice setting August 25, 1919, as the time when it would review all proceedings relative to the proposed improvement. This hearing was duly had

and thereat Lewis H. Cox and others, appellants herein, appeared and objected to the proposed improvement on the ground that the ordinance on which the proceedings were based was invalid. The Board overruled this objection, holding that no irregularity or invalidity in the proceedings had been shown, and thereupon the objectors appealed to the circuit court pursuant to the terms of section 7968, Revised Statutes 1919. The circuit court held that there were no irregularities in the proceedings but that they were valid and regular in all matters. Thereupon objectors appealed to the Supreme Court, contending that the Act of May 21, 1919, Session Acts 1919, p. 597, (the origin of Secs. 7967, 7968 and 7969, R. S. 1919), was unconstitutional and void because it conferred judicial power on the Board of Public Works, and that the right of appeal given by section 7968 added nothing to the validity of the Act since if the Board of Public Works had no jurisdiction (for lack of juridical power), in the first place, the circuit court acquired none on appeal. The Supreme Court held the constitutional points were not raised in proper time or manner and transferred the case to this court.

Here, appellants, have filed a new brief asserting that, notwithstanding the disposition of the case made by the Supreme Court on the constitutional question raised, the Board of Public Works was without power or jurisdiction to hear and pass upon the matter and that, if such be the case, the circuit court acquired none on appeal.

We may readily grant the truth of this last proposition since, if the Board of Public Works acquired or possessed no power over the proceeding, an appeal therefrom to the circuit court would not confer any jurisdiction upon the latter tribunal.

But in order for us to say the Board of Public Works was wholly without any power to pass upon the questions before it, we must disregard sections 7967 and 7968 or treat them as being unll and void. We cannot do the former and have no power to do the latter. This would be doing indirectly what we have no power to do

directly. "This court has no cognizance of constitutional questions, not even for the purpose of determining, in considering the question of its own jurisdiction, whether such questions are fairly debatable." [Bennett v. Missouri Pacific R. Co., 44 Mo. App. 372, 374.]

It is urged that the court erred in hearing the appeal at the same term at which the appeal was taken, whereas section 7968 requires such appeals to be governed by the law in reference to appeals from justice of the peace, and, in them, appeals allowed ten days before the first day of the term next after the appeal is allowed are determinable at such term and others allowed after that time are determinable at the next succeeding term. [Secs. 2904, 2905, and 2906, R. S. 1919.] But section 7968 merely provides that the appeal may be taken within five days "in the manner" provided by law for appeals from a justice of the peace, and, unlike the other statutory provisions regulating the procedure in appeals from justices of the peace, section 7968 provides that upon the filing of the transcript "thereupon said circuit court shall become possessed of the proceedings and summarily determine by its judgment" etc.

It is further asserted that the ordinance supporting the proceeding never became effective, because the filing of the protesting petitions suspended it. We think this question foreclosed by the result of the injunction suit regarding said petitions holding that they were not filed in time, and is also settled by the wording of section 7951.

'As to whether there are any inherent defects in the ordinance itself, or in the various steps necessary to be taken in the ordering and constructing the proposed improvement, is not disclosed to us by the record. Whether or not a property owner who has failed to object in the proceeding called for in the above-mentioned sections, or whether or not he can, despite the ruling or decision therein, afterward raise any defense in a suit on the tax bills is not before us and, of course, is not decided.

The judgment is affirmed. All concur.