**WIFE, A. M. M., et al., Plaintiffs,**

v.

**HUSBAND, J. L. W., Defendant.**

Court of Chancery of Delaware,
New Castle.

Dec. 21, 1971.

C. Waggaman Berl, Jr., of Booker, Green, Shaffer, Berl & Wise, Wilmington, for plaintiffs.

Samuel V. Abramo, of Biggs & Battaglia, Wilmington, for defendant.

DUFFY, Chancellor:

The Court acquired jurisdiction of this case in 1967 when plaintiff (then married to defendant) filed a separate maintenance action for herself and their three children. On April 15, 1968 she was denied maintenance, but an order was entered requiring defendant to support the children. At sometime while the action has been pending here, defendant was granted visitation rights by the Family Court. The parties are now divorced, plaintiff has remarried and moved to New Jersey where the children live with her.

On February 4, 1971 the parties entered into an agreement providing for support of

the children. The agreement was incorporated on April 22, 1971 into an order of this Court which states that "All prior orders for support are hereby superceded by the custody and support agreement . . ." between the parties, and all provisions of the agreement are "binding upon the parties to the same extent as any other order of this Court."

Defendant now seeks the aid of the Court in securing visitation to which he is entitled under the agreement and the order. The agreement provides that defendant is to have reasonable visitation privileges and it fixes certain specifics as to these.

Incorporation of an agreement between parties into an order is not an uncommon practice in a court of equity. That procedure preserves the essence of an understanding reached by litigants (often in settlement) and it prevents errors which might occur were the language of the document restated for order purposes. But it does not follow that the Court thereby assumes subject matter jurisdiction over every facet of the agreement or enforcement of every one of its terms. Parties cannot by order on an agreement confer a jurisdiction which the Court may not have, nor can they compel the Court to exercise a discretion to accept jurisdiction. When offered a document for incorporation in an order, the Court must be satisfied *prima facie* that it has subject matter jurisdiction as to a significant part of what is contained therein, but that determination does not necessarily extend to every part thereof.

The agreement between these parties was concerned primarily with child support which was a principal purpose of this lawsuit. The Court's order referred to future support by agreement and specified that all prior orders for support were superseded. The order did not mention visitation although it was provided for in the agreement. Defendant argues that plaintiff is not complying with this part of the agreement and he asks the Court to enforce it.

This Court has refused to take jurisdiction of disputes over child custody and/or visitation, Wood v. Wood, 39 Del.Ch. 523, 168 A.2d 102 (1961), and see the unreported opinion dated December 17, 1970 in Civil Action No. 3287 in which the Court said:

". . . Given the specific language of that statute ('exclusive original jurisdiction'), 10 Del.C. § 951(11), the purpose of the Family Court and the special problems involved in supervising visitation (of a three-year-old, in this case), I am of the view that this Court does not have subject matter jurisdiction over visitation when the parties live in a state of separation without being divorced."

The new Family Court Act, 58 Del. Laws, Ch. 114, became effective on June 9, 1971, and at § 921(b) it provides:

"The Court shall have exclusive original civil jurisdiction in all proceedings in this State concerning:

. . . . . .

Enforcement of any law, petitions and actions respecting the . . . custody, visitation, . . . of children."

This is significantly different from the prior Act which stated that Family Court jurisdiction was exclusive "Relative to the charge and custody of minor children when the parents shall live in the state of separation without being divorced. . . ." 10 Del.C. § 951(11). In re Two Minor Children, 53 Del. 565, 173 A.2d 876 (1961). In short, Family Court jurisdiction is exclusive in *all* custody and visitation proceedings. The new law specifies this without reference to the marital status of the parents.

It is axiomatic that this Court is without jurisdiction if there is a sufficient remedy at law. 10 Del.C. § 342. Given the prior decisions of this Court as to custody and visitation and the purposes as

well as the plain language of the Act which became law last June, I conclude that the Family Court now has exclusive subject matter jurisdiction in custody and visitation cases. It follows that Chancery does not have such jurisdiction, absent an independent basis for it.

■ Defendant argues that this Court has jurisdiction of his claim to visitation because plaintiff is outside the territorial limits of the State and Family Court process cannot be served upon her. He says, therefore, he is without a remedy at law. But given the continuing nature of an order of visitation and the provisions of § 925(b) of the present Act, the Family Court may have continuing jurisdiction under its outstanding order. I decline to accept jurisdiction (on the basis of an absence of legal remedy in this case) until the Family Court has been asked to assume it. Defendant may renew his petition if it is determined that the Family Court does not have jurisdiction to determine and enforce visitation rights.