George W. MAXWELL, Appellant Below,
Appellant,

v.

Fred W. VETTER, Secretary of Department
of Public Safety of the State of Delaware,
William J. Warren, Jr., Director of Divi-
sion of Motor Vehicles, Department of Pub-
lic Safety of the State of Delaware, Appel-
lees Below, Appellees.

Supreme Court of Delaware.

Oct. 10, 1973.

Reargument Denied Nov. 1, 1973.

Clifford B. Hearn, Jr., Biggs & Battaglia, Wilmington, for appellant.

Kent Walker, Deputy Atty. Gen., Wilmington, for appellees.

HERRMANN, Chief Justice, and CAREY and DUFFY, Justices, sitting.

CAREY, Justice:

This is an appeal by George W. Maxwell from the decision of the Superior Court upholding a ruling of the State Personnel Commission, which had denied Mr. Maxwell's appeal concerning his dismissal from State employment.

The case developed in the following manner: the appellant was dismissed from his position as examiner for the Motor Vehicle Department on March 29, 1971, by a verbal statement to this effect from the Chief of Management Services. On March 31, 1971, he was informed in writing of his termination. On May 11, 1971, appellant appealed this decision to the State Personnel Commission, which upheld the discharge. The Superior Court affirmed, and this appeal ensued.

Appellant has raised two major issues: (1) that certain procedural irregularities in the Commission hearing constituted a deprivation of due process of law guaranteed him by the Fourteenth Amendment; and (2) that the evidence elicited in the Commission hearing was hearsay and cannot sustain his dismissal. However, appellees now contend that because appellant's appeal to the State Personnel Commission was not perfected within the 30-day statutory period, that body lacked jurisdiction to entertain appellant's complaint. We agree, and therefore do not reach the merits of appellant's case.

I

29 Del.C. § 5949(a) establishes the procedure by which an aggrieved State employee may appeal to the Commission: "An employee in the classified service who has completed his probationary period of service, may not, except for cause, be dismissed or demoted or suspended for more than 30 days in any one year. Within 30 days after any such dismissal, demotion or suspension, an employee may appeal to the Commission for review thereof."

Perfection of the review proceeding within the time limited by statute is jurisdictional. 4 Am.Jur.2d, Appeal and Error, § 292 (1962). This Court has held that the statute governing the right of appeal from judgments recovered before Justices of the Peace is a jurisdictional statute which must be complied with if the appellate court is to have jurisdiction. Williams v. Singleton, Del.Supr., 2 Storey 488, 160 A.2d 376 (1960). Likewise, the time for appeal to this Court has always been considered jurisdictional. Casey v. Southern Corp., Del.Supr., 26 Del.Ch. 447, 29 A.2d 174 (1942); Preform Bldg. Components, Inc. v. Edwards, Del.Supr., 280 A.2d 697 (1971).

Although the question we now consider concerns the timeliness of an appeal to a quasi-judicial body rather than a court, we believe that the same rules must apply. The State Personnel Commission is a creature of statute. 29 Del.C. Ch. 59 (1966). Its power and authority are derived exclusively from the statute, and its power therefore extends only to those cases which are properly before it in compliance with the statutory law.

We hold that this statute is jurisdictional, i. e., that an appeal not taken within 30 days after any dismissal, demotion or suspension cannot be entertained by the Commission. This appeal to the Commission was filed some 13 days too late, wherefore the Commission had no jurisdiction to consider it. Its action was a nulli-

ty, and the appellate courts have no jurisdiction to review it on the merits. Accord, City of St. Joseph v. Cox, 208 Mo.App. 109, 232 S.W. 256 (1921). Lack of jurisdiction may be raised at any time in the proceedings.

■ Appellant seeks to invoke Rule 14.-0610[1] of the Rules for the Merit System of Personnel Administration to argue that he was never properly dismissed; hence, he contends, he is still a State employee and the question of timeliness of his appeal to the Commission is moot. It is too late for appellant to rely upon Rule 14.0610. Board of Public Education in Wilmington v. Delaney, Del.Supr., 2 Storey 213, 155 A.2d 51 (1959). At no point in the proceedings below did appellant make any mention of that rule, and he thereby waived any objection which he may have had concerning appellees' failure to comply strictly with it.

## II

Appellant also argues that this Court cannot dismiss his appeal for lack of jurisdiction under 29 Del.C. § 5949(a), because that statute is unconstitutional. That section provides:

"(a) An employee in the classified service who has completed his probationary period of service, may not, except for cause, be dismissed or demoted or suspended for more than 30 days in any one year. Within 30 days after any such dismissal, demotion or suspension, an employee may appeal to the Commission for review thereof. Upon such review, both the appealing employee and the appointing authority whose action is reviewed shall have the right to be heard publicly and to present evidentiary facts.

At the hearing, technical rules of evidence shall not apply."

29 Del.C. § 5949(c) provides:

"(c) Whenever the provisions of subsections (a) or (b) conflict with any collective bargaining agreement, or whenever any collective bargaining agreement is exclusive with respect to matters which are the subject thereof, the collective bargaining agreement shall apply and shall be followed."

Appellant's argument is this: subsection (c) above would permit parties to a collective bargaining agreement to extend the 30-day appeal period established by subsection (a), while appellant is restricted to the 30-day time limit;[2] therefore, the statute denies him equal protection of the law, in violation of the Fourteenth Amendment to the Federal Constitution.

■ We are satisfied that the construction urged by the appellant would raise at least a serious doubt as to the statute's constitutionality. However, we cannot believe that the Legislature intended subsection (c) of the Act to mean that agencies may, by agreement with a given group of employees, extend the 30-day time limit within which one of the group may appeal to the Commission. As we have said, the 30-day provision of § 5949(a) is jurisdictional. It is widely recognized that parties to litigation may not confer subject matter jurisdiction upon a Court by agreement. 20 Am.Jur.2d, Courts, § 139 (1965). This is the law of our state. Wife, A.M.M. v. Husband, J.L.W., Del.Ch., 285 A.2d 824 (1971); Gahn v. Gahn, Del.Super., 10 Terry 368, 116 A.2d 902 (1955). Likewise, parties may not confer subject matter jurisdiction on a quasi-judicial body by consent. The construction urged by appellant

---

1. Rule 14.0610 provides: "Notice of dismissal of a permanent employee shall be accompanied by a written notice to the employee from the appointing authority or his authorized representative, stating the exact reasons for dismissal and outlining specific incidents and conditions which singly or together led to the employee's dismissal. A copy of such notice of dismissal shall be sent to the Director."

2. There is nothing in the record of this case to show that the State has in fact ever entered into any such agreement.

would permit the parties (a beneficiary of a collective bargaining agreement and the State's negotiator) to do just that. We cannot assume that our Legislature sought to discard such a well-established principle of law in so indirect a manner. It may be that, if the Legislature did in fact intend the words "the provisions" in § 5949(c) to refer to the 30-day time limit established in § 5949(a), its sole intent was to permit the parties to a collective bargaining agreement to shorten that period, rather than lengthen it. The validity of that interpretation is not before us.

 If, on the other hand, the Legislature intended to allow parties to a collective bargaining agreement to extend the 30-day appeal period for members of a given group, such purpose would be unconstitutional, or would at the very least raise grave doubt concerning its constitutional validity. The Legislature is deemed to have intended to enact a valid and constitutional statute, and the statute will be so construed whenever that construction is possible without doing violence to the legislative intent. Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); National Labor Relations Board v. Jones & Laughlin Steel Corporation, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937); Linder v. United States, 268 U.S. 5, 45 S. Ct. 446, 69 L.Ed. 819 (1925); Opinion of the Justices, Del.Supr., 295 A.2d 718 (1972).

We must presume that the General Assembly intended a valid enactment; and to effectuate that intent, we read the Act in connection with the Fourteenth Amendment. So read, the meaning and intent of the Act must be taken to be that a State agency may in a collective bargaining agreement shorten the 30-day time period of § 5949(a), but may not, by agreement, lengthen it. So understood, this Act does not permit the discrimination which appellant suggests may exist.

In light of the above, we conclude the Commission was without jurisdiction to entertain appellant's appeal. It follows that we cannot consider the alleged errors.

The appeal is dismissed.