**IN THE SUPERIOR COURT OF STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

THE FAMILY COURT OF THE )
STATE OF DELAWARE, )
                              )
   Employer-Below/ Appellant, )
                              )
           v. )      C.A. No. N13A-10-007 ALR
                              )
TERRI TUCKER, )
                              )
   Appellant-Below/ Appellee )
                              )
and the )
                              )
MERIT EMPLOYEE RELATIONS )
BOARD, )
                              )
   Appellee )

Submitted: July 1, 2014
Decided: September 25, 2014

***On Appeal from Decision of the***
***Merit Employee Relations Board***

**REVERSED and VACATED**

**<u>MEMORANDUM OPINION</u>**

Kevin R. Slattery, Esquire, Delaware Department of Justice, Attorney for
Employer-Below/ Appellant

Terri Tucker, self-represented.

**ROCANELLI, J.**

This is an appeal from the September 11, 2012 decision of the Merit Employee Relations Board ("MERB"). MERB exercised subject matter jurisdiction over this case based on the incorrect legal conclusion that subject matter jurisdiction had been waived. In deciding the case on the merits, MERB did not grant the Appellee relief. Rather, MERB merely admonished the Family Court. Because MERB did not have jurisdiction, MERB's September 11, 2013 decision is legally void.

**<u>FACTUAL HISTORY</u>**

Terri Tucker ("Appellee") was employed at the Family Court of Delaware in New Castle County as a Judicial Case Processing Supervisor in the Records Unit. Appellee became overwhelmed in the Judicial Case Processing Supervisor position and began sick leave on July 11, 2012. Appellee applied for Family Medical Leave Act ("FMLA leave") on July 16, 2012, submitting physician's reports in support of her application, stating that her ability to work was "zero" and that the date of her ability to return to work was "unknown."

Appellee was granted FMLA leave on July 30, 2012. In the meantime, while awaiting FMLA leave approval, Appellee applied for a vacant Social Service Specialist III ("SSS III") position within Family Court. Appellee was granted an interview for the position, which was scheduled for August 13, 2012.

1

On August 8, 2012, Appellee sent an email message to the Family Court's Human Resources ("HR Representative") to ask whether Appellee would be able to interview by telephone for the SSS III position because she was out on FMLA leave. The HR Representative informed Appellee that she was ineligible to interview. Appellee responded with a request that the notification of her ineligibility be confirmed in writing. The HR Representative confirmed Appellee's ineligibility in an email message on August 10, 2012, as follows:

> I was scheduled to meet with [HR Director] today at 2:30 to discuss your FMLA and how it affects you interviewing, however, he cancelled.
>
> So as it stands, because you are out on FMLA, you will not be able to interview for the [SSS III] position.
>
> On Monday, I will meet with [HR Director] and go over your FMLA paperwork, if [HR Director] has any questions, I'm sure he will call.[1]

Appellee did not interview for the vacant position on August 13, 2012.

## PROCEDURAL HISTORY

Appellee filed a Step 1 merit grievance on September 21, 2012. A Step 1 decision was issued on October 17, 2012. Appellee appealed. A Step 2 hearing was held on October 24, 2012, with a decision issued November 8, 2012. Appellee filed a Step 3 appeal. The Step 3 hearing was held on December 20, 2012, and

---

[1] R. at 107, Del. Fam. Ex. E.

Appellee's grievance was denied on January 15, 2013. Appellee then appealed to MERB on January 30, 2013.

A MERB hearing was held on September 5, 2013. As a preliminary matter, MERB heard Family Court's Motion to Dismiss Appellee's appeal for failure to file the Step 1 grievance in a timely manner. MERB denied Family Court's motion and reviewed Appellee's grievance on the merits. Family Court now appeals to this Court.

## STANDARD OF REVIEW

This Court has appellate jurisdiction over final agency decisions pursuant to 29 *Del. C.* § 10142. On appeal, this Court must "determine whether [MERB] acted within its statutory authority, whether it properly interpreted and applied the applicable law, whether it conducted a fair hearing and whether its decision is based on sufficient substantial evidence and is not arbitrary."[2] Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion."[3] Questions of law are reviewed *de novo*.[4]

---

[2] *Gibson v. Merit Empl. Relations Bd.*, 16 A.3d 937, 2011 WL 1376278, at *2 (Del. Apr. 12, 2011) (TABLE).

[3] *Avallone v. State Dep't. of Health & Soc. Servs.*, 14 A.3d 566, 570 (Del. July 27, 2011) (quoting *Person-Gaines v. Pepco Hldgs. Inc.*, 981 A.2d 1159, 1161 (Del. 2009)).

[4] *Ward v. Dep't of Elections*, 14 A.3d 566, 2009 WL 2244413, at *1 (Del. 2009) (TABLE).

## DISCUSSION

Family Court contends that Appellee filed an untimely Step 1 grievance and, therefore, MERB committed error in finding MERB had jurisdiction to hear Appellee's case. This Court agrees for the reasons that follow.

This case involves the jurisdiction of MERB, a quasi-judicial body, established to effect proper application of the State of Delaware Merit Rules.[5] The Merit Rules, pursuant to 29 *Del. C.* § 5931(a), provide for the establishment of a plan to resolve and correct the grievances of State employees. Section 18 of the Merit Rules outlines the procedure to file and resolve a State employee's work related grievance. If the grievance is not resolved through the Section 18 procedure, the State employee can appeal to MERB.[6] MERB's power and authority is statutory and extends only to "cases properly before it in compliance with the statutory law."[7]

In *Maxwell v. Vetter*, the Delaware Supreme Court concluded that the timeliness of an appeal to a quasi-judicial body, such as MERB, is a matter of jurisdiction.[8] Indeed, MERB's own Practice and Procedure Manual acknowledges

---

[5] 29 *Del. C. ch.* 59; 29 *Del. C.* §§ 5902, 5906.
[6] 29 *Del. C.* § 5931(c)(3); Del. Merit R. 18.9.
[7] *Maxwell v. Vetter*, 311 A.2d 864 (Del. 1973).
[8] *Id.* at 865. The *Maxwell* Court discussed appeals to the State Personnel Commission, which MERB replaced in 1994. *See* 69 Del. Laws ch. 436 (1994).

4

that "time limits for the *grievance process* are jurisdictional."[9] Merit Rule 18.6 requires the employee to file a Step 1 grievance "within 14 calendar days of the date of the grievance matter *or* the date [the grievant] could reasonably be expected to have knowledge of the grievance matter."[10] Accordingly, the 14-day filing period is jurisdictional and failure to file in a timely manner renders the grievance void.[11]

In this case, the parties dispute the date on which the 14-day filing period began to run. Family Court contends that the 14-day filing period began to run on August 9, 2012, the date the matter subject to a grievance occurred, because that is when Appellee was informed she could not interview for the SSS III position. Appellee argues that the 14-day filing period did not begin to run until September 10, 2012, because that is the date of the next business day after the HR Director told Appellee he would discuss Appellee's grievance with the Return-to-work Coordinator but did not follow up with Appellee.

In response to the Family Court's jurisdictional challenge and contrary to her testimony at the hearing, Appellee claims she became aware that she had a grievance on September 10, 2012, when the HR Director had not yet responded to an inquiry made by Appellee. Specifically, on September 6, 2012, in preparation

---

[9] W. Michael Tupman, Delaware Department of Justice, *Merit Employee Relations Board Practice and Procedure Manual*, at 78 (2013) (emphasis added).
[10] Del. Merit R. 18.6 (emphasis added).
[11] Del. Merit R. 18.4; *Cunningham, Jr. v. State*, 1996 WL 190757, at \*2 (Del. Super. Mar. 27, 1996).

for her return to work, Appellee spoke to the "Return-to-work Coordinator" from the Office of Management and Budget. After the discussion, the Return-to-work Coordinator sent an email message to Appellee stating that Appellee should have been able to interview for the SSS III position despite being on FMLA leave. On September 7, 2012, Appellee sent an email message to the HR Director relaying the information she received from the Return-to-work Coordinator. The HR Director responded to Appellee by email message that same day, indicating that he reviewed Appellee's request and would discuss the matter with the Return-to-work Coordinator.

MERB concluded that the time began to run on September 10, the business day after Appellee's inquiry. According to MERB, Appellee's Step 1 grievance, filed on September 21, 2012, was timely. MERB therefore concluded it had jurisdiction and heard the case on the merits.

## 1. Lack of Subject Matter Jurisdiction

MERB incorrectly concluded that Family Court's jurisdictional challenge could be waived because it was not raised during the Step 1, 2, or 3 grievance proceedings. MERB Chairperson Austin stated, "[w]e have had numerous cases come before the Board where timeliness hasn't been raised until [the hearing]. I think until we decide how that's going to be handled for everyone, we need to

consider the matter . . . and save the other part for another day."[12]  MERB's legal counsel reasoned that hearing Appellee's case on the merits was a matter of fundamental fairness and not a matter of jurisdiction.  This is incorrect as a matter of law.

Delaware law and MERB's procedural rules are well-settled.  According to the Delaware Supreme Court, "subject matter jurisdiction is non-waivable [and] courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt."[13]  Parties cannot confer jurisdiction upon a court by agreement or consent.[14]  A court may not acquire subject matter jurisdiction by estoppel.[15]

Pursuant to Superior Court Civil Procedure Rule 12(h)(3), as followed by MERB, "[w]henever it appears by suggestion of the parties or otherwise that the Court lacks jurisdiction of the subject matter, the Court shall dismiss the action." The Delaware Supreme Court has made it clear that "lack of jurisdiction may be raised at any time in the proceedings."[16]  Additionally, MERB's own Practice and Procedure Manual states, "time limits for the grievance process are jurisdictional."[17]  In fact, MERB's own manual acknowledges time-barred

---

[12] R. at 168, T. at 18.
[13] *Appriva S'holder Litig. Co. v. EV3, Inc.*, 937 A.2d 1275, 1284 (Del. 2007) (citing *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003)).
[14] *Maxwell* 311 A.2d at 865.
[15] *Bruce E.M. v. Dorthea A.M.*, 455 A.2d 866, 871 (Del. 1983).
[16] *Maxwell*, 311 A.2d at 866.
[17] W. Michael Tupman, Delaware Department of Justice, *Merit Employee Relations Board Practice and Procedure Manual*, at 78 (2013).

grievances as one of the most common grounds for granting an employer's motion to dismiss for lack of jurisdiction.[18] Thus, Family Court's failure to argue Appellee's untimely Step 1 grievance during the Step 1, 2, or 3 grievance proceedings did not waive the defense because the parties cannot confer jurisdiction by failing to raise the challenge.

## *2. Deadline to file Step 1 Grievance*

This Court finds that the record evidence does not support MERB's finding that Appellee became aware of a matter subject to a grievance on September 10, 2012. To the contrary, Appellee's own testimony indicates she was aware on August 9, 2012 that she would not be permitted to interview on August 13, 2012. Accordingly, substantial record evidence indicates that the matter subject to grievance occurred on August 9, 2012.

In *Rodgers v. Department of Corrections*, MERB held that grievants must comply with the mandatory time limits under the Merit Rules throughout each step of the grievance process.[19] MERB determined that the mandatory time limits of the Merit Rules are not suspended pending a grievant's request for document production. Instead, MERB dismissed the grievant's appeal for lack of jurisdiction because the grievant failed to file a timely Step 1 grievance.[20] MERB concluded

---

[18] *Id.* at 10.
[19] *Rodgers v. Dep't of Corr.*, *Decision & Order of MERB*, No. 11-09-525, at 3 (Dec. 20, 2011).
[20] *Id.* at 3-4.

8

that the grievant was required to file a timely grievance, even if minimally detailed, while pursuing an inquiry into the specifics of the issue.[21]

The circumstances of this case are similar to those in *Rodgers*. The grievant in *Rodgers* was aware of a matter subject to a grievance but failed to file a timely Step 1 grievance because he waited until he was denied access to documentation of proof. Here, Appellee was aware of a matter subject to a grievance but failed to file a timely Step 1 grievance. Both the grievant in *Rodgers* and the Appellee here were aware of a matter subject to a grievance and waited before filing a grievance, yet MERB started the 14-day clock at different times and reached different conclusions as to timeliness. With respect to starting the 14-day filing period for a timely Step 1 grievance, MERB's Practice and Procedure Manual clearly states:

> the time limits to pursue administrative remedies do not permit the complainant to delay until he realizes or knows that the personnel action . . . was discriminatory. Rather, the clock begins to run when the complainant knows or reasonably should have known of the . . . 'personnel action' which gave rise to the discrimination.[22]

The matter subject to a grievance occurred on August 9, 2012. The grievance was filed by Appellee on September 21, 2012. This was untimely and

---

[21] *Id.*

[22] W. Michael Tupman, Delaware Department of Justice, *Merit Employee Relations Board Practice and Procedure Manual*, at 81 (2013).

9

therefore Appellee waived her right under the Merit Rules to address her grievance.

**CONCLUSION**

A challenge to subject matter jurisdiction must be heard at any time it is raised; it is not subject to waiver. The record evidence does not support MERB's conclusion that Appellee filed her Step 1 grievance in a timely manner. As a result, because the time limits of the Merit Rules grievance process are jurisdictional, MERB had no jurisdiction to hear Appellee's case on the merits. MERB did not have jurisdiction over this case; therefore, MERB's decision is legally void.[23]

**NOW, THEREFORE, this 25th day of September 2014, the September 11, 2012 MERB decision is hereby reversed and vacated.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**

---

[23] *Ford v. Pep Boys*, 1989 WL 16987, at *1 (Del. Super. Feb. 21, 1989).