# IN THE SUPREME COURT OF THE STATE OF DELAWARE

TUESDAY S. BANNER, §
§ No. 28, 2015
Appellant Below, §
Appellant, §
§ Court Below—Superior Court
§ of the State of Delaware in and
v. § for New Castle County
§
STATE OF DELAWARE MERIT § C.A. No. N13A-004-013
EMPLOYEE RELATIONS BOARD §
and DEPARTMENT OF HEALTH §
AND SOCIAL SERVICES, §
§
Appellee Below, §
Appellee. §

Submitted: June 5, 2015
Decided: August 26, 2015

Before **VALIHURA**, **VAUGHN** and **SEITZ**, Justices.

## ORDER

This 26th day of August 2015, upon consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1) The appellant, Tuesday S. Banner ("Banner"), filed this appeal from the Superior Court's December 24, 2014 opinion affirming the dismissal of Banner's appeal from a decision of the Merit Employee Relations Board. Having found no merit to the appeal, the Court concludes that the judgment of the Superior Court should be affirmed.

(2) Banner was a state employee employed as an Administrative Specialist I with the Delaware Department of Health and Human Services ("the Department"). On March 8, 2012, Banner's supervisor, Genelle Fletcher ("Fletcher"), gave Banner a letter proposing a one-day suspension for Banner's alleged failure to comply with certain job requirements. The letter advised Banner that she had a right to a pre-suspension meeting if she filed a written request for a meeting within fifteen days of the letter. Banner informed Fletcher that she wanted to get the suspension "out of the way" the following day, March 9, 2012. Banner submitted a leave without pay slip to Fletcher and served the suspension on March 9, 2012. Banner did not request a pre-suspension meeting.

(3) Fletcher later learned that she erred when she allowed Banner to choose the date of suspension and accepted Banner's leave without pay request. Therefore, by letter dated April 20, 2012, Fletcher informed Banner of the error and advised her that her leave without pay request for March 9, 2012 would be "converted to a suspension without pay and appropriately annotated" in the timekeeping records. On May 10, 2012, Banner filed a grievance contending that the March 9, 2012 suspension was "invalid."

(4) Under Title 29 of the Delaware Code, Title 19 of the Delaware Administrative Code, and the State of Delaware Merit Rules, a state

2

employee has two mechanisms for appealing a suspension to the Merit Employee Relations Board ("the Board").[1] The employee can file an appeal directly with the Board.[2] Or, the employee can go through a three-step grievance process and have the matter heard by designated personnel representatives, before filing an appeal with the Board.[3]

(5) If the employee files an appeal directly with the Board, the appeal must be filed within thirty days of the suspension.[4] The Board has no jurisdiction to consider an untimely appeal.[5]

(6) If the employee goes through the grievance procedure, the initial grievance, Step 1, must be filed within "14 calendar days of the date of the grievance matter or the date they could reasonably be expected to have knowledge of the grievance matter."[6] At the conclusion of Step 3, if the employee is dissatisfied with the outcome, the employee can file an

---

[1] *See* 29 *Del. C.* ch. 59 (2006) (governing Merit System of Personnel Administration); 19 *Del. Admin. C.* ch. 3001 (2014) (governing Merit Employee Relations Board). *See* STATE OF DELAWARE MERIT RULES (2009), *available at* http://delawarepersonnel.com/mrules/documents/mrules-complete.pdf.

[2] 19 *Del. Admin. C.* § 3001-13.9; Merit Rule 12.9.

[3] 19 *Del. Admin. C.* § 3001-19.0-.11; Merit Rule 18.0-.11.

[4] 29 *Del. C.* §5949 (a) (2006) ("Within 30 days after any such dismissal, demotion or suspension, an employee may appeal to the Board for review thereof."); 19 *Del. Admin. C.* §3001-13.9; Merit Rule 12.9.

[5] *Maxwell v. Vetter*, 311 A.2d 864, 865 (Del. 1973) ("Perfection of the review proceeding within the time limited by statute is jurisdictional.").

[6] 19 *Del. Admin. C.* § 3001-19.6; Merit Rule 18.6.

3

appeal with the Board.[7] Any appeal to the Board must be filed "within 20 calendar days of receipt of the Step 3 decision."[8] The employee's failure to comply with time limits "shall void the grievance."[9]

(7) With the filing of her initial grievance on May 10, 2012, Banner invoked Step 1 of the grievance procedure to grieve the one-day suspension she served on March 9, 2012. After hearings at Steps 1 and 2, the respective hearing officers concluded that Banner's initial grievance was untimely filed and that the grievance was without merit.

(8) On July 25, 2012, prior to the Step 3 hearing, Banner filed an appeal with the Board. The Board's Administrator advised Banner that the appeal was premature because it was filed prior to the Step 3 hearing and decision.

(9) The Step 3 hearing was held on August 8, 2012. By decision dated September 21, 2012, the hearing officer denied the grievance, ruling that the grievance was "void" because the initial grievance was untimely filed, and that Banner's decision to serve the proposed suspension on March 9, 2012, was a waiver of her right to grieve the suspension. Banner did not file an appeal from the September 21, 2012 Step 3 decision with the Board.

---

[7] 19 *Del. Admin. C.* § 3001-19.8; Merit Rule 18.8.

[8] 19 *Del. Admin. C.* § 3001-19.9; Merit Rule 18.9.

[9] 19 *Del. Admin. C.* § 3001-19.4; Merit Rule 18.4.

(10) On February 19, 2013, the Department filed a motion to dismiss Banner's appeal filed on July 25, 2012. The Department asserted that the Board was without jurisdiction to hear the appeal because Banner's initial grievance was untimely filed on May 10, 2012, two months after she served the suspension.

(11) The Board held a hearing on March 7, 2013. By written decision dated March 12, 2013, the Board concluded that it was without jurisdiction to consider the appeal because Banner had not filed the appeal within twenty days of the September 21, 2012 Step 3 decision. The Board also concluded that, to the extent Banner had intended to file an appeal directly with the Board, it was without jurisdiction to consider the appeal because Banner had not filed the appeal within thirty days of the suspension.

(12) Banner appealed the Board's decision to the Superior Court. On appeal, Banner argued that the dismissal of the appeal was arbitrary and capricious because the Board had the discretion to consider an appeal processed by its Administrator. Banner also argued that the dismissal of the appeal on a basis not raised in the motion to dismiss was a violation of due process. By opinion issued December 24, 2014, the Superior Court rejected Banner's arguments and affirmed the Board's decision that it was without jurisdiction to consider the appeal. This appeal followed.

5

(13) On appeal from the Superior Court's affirmance of the Board's decision this Court reviews the Board's decision directly "to determine whether it is supported by substantial evidence and is free from legal error."[10]

> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. This Court does not weigh the evidence, determine questions of credibility, or make its own factual findings. We review questions of law and statutory interpretation *de novo*. Absent an error of law, we review an agency's decision for abuse of discretion. An agency abuses its discretion only where its decision has exceeded the bounds of reason under the circumstances.[11]

(14) Having carefully reviewed the parties' briefs and the record, we conclude that the Board's decision must be affirmed. The record supports the Board's finding that Banner was on notice that her appeal filed on July 25, 2012 was premature, and that she would have to refile the appeal after the Step 3 hearing and decision. Banner's failure to file the appeal within twenty days of the Step 3 decision was properly raised by the Board.[12] The

---

[10] *Sweeney v. Delaware Dep't of Transp.*, 55 A.3d 337, 341 (Del. 2012) (citing *Public Water Supply Co. v. DiPasquale*, 735 A.2d 378, 380-81 (Del. 1999); *Olney v. Cooch*, 425 A.2d 610, 613 (Del. 1981); *Unemployment Ins. Appeal Bd. v. Duncan*, 337 A.2d 308, 308-09 (Del. 1975)).

[11] *Sweeney v. Delaware Dep't of Transp.*, 55 A.3d 337, 341-42 (Del. 2012) (citations omitted).

[12] *Maxwell v. Vetter*, 311 A.2d 864, 865-66 (Del. 1973).

Board correctly determined that it was without jurisdiction to consider Banner's appeal because the appeal was not filed within thirty days of the suspension or within twenty days of the September 21, 2012 Step 3 decision.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

7