# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MARNI M. SKLODOWSKI,    )
         Appellant,  )
              )
    v.              )         **C.A. Nos. N21A-10-008 PRW**
              )             **N21A-10-009 PRW**
UNEMPLOYMENT INSURANCE    )
APPEAL BOARD,           )
         Appellee.  )

Date Submitted:  February 22, 2022
Date Decided:  May 12, 2022

*Upon Appeal from the Unemployment Insurance Appeal Board,*
**AFFIRMED.**

## ORDER

Before the Court is Marni M. Sklodowski's *pro se* appeal of the Unemployment Insurance Appeal Board's (the "Board") Decision affirming an Appeal Referee's determination that Ms. Sklodowski's initial appeal of a decision by the Division of Unemployment Insurance's Claims Deputy was untimely.[1]  For the reasons explained below, the Board's decision is **AFFIRMED**.

---

[1]  Not. of Appeal, *Sklodowski v. Unemployment Appeal Board*, N21A-10-008 PRW, Oct. 29, 2021 (D.I. 1).  For reasons still unclear to the Court, Ms. Sklodowski docketed an identical appeal, every paper in the record of which and every briefing document filed here mirrors this case. *See Sklodowski v. Unemployment Appeal Board*, N21A-10-009 PRW, Oct. 29, 2021.  This consolidated order resolves both.  And for simplicity's sake, all references and Record citations herein are to case number ending in 008.

(1)    On or about March 29, 2020, Ms. Sklodowski filed a claim with the Delaware Department of Labor ("DOL") for unemployment insurance benefits.[2] On August 2, 2021, a DOL Claims Deputy determined that Ms. Sklodowski had received a four-week non-fraudulent overpayment of benefits.[3] Written notice of that decision was sent to Ms. Sklodowski via first class mail that same day.[4] In bold typeface on the first page of the decision is an "Appeal Rights" notice that the "determination becomes final on 8/12/2021 unless a written appeal is filed."[5]

(2)    Ms. Sklodowski appealed the Claims Deputy's decision, but it wasn't received by the DOL until August 20, 2021—more than one week after her window to appeal had closed.[6] A hearing before an Appeals Referee was scheduled for September 7, 2021. The sole purpose of that hearing was to determine whether Ms. Sklodowski could demonstrate good cause for submission of an untimely appeal.[7] A representative from the Benefit Payment Control of the DOL and

---

[2]   Record and Transcript at 34-35, *Sklodowski v. Unemployment Appeal Board*, N21A-10-008 PRW, Dec. 22, 2021 (hereinafter "R") (D.I. 8).

[3]   R52-R53.

[4]   *Id.* There is no dispute that all written correspondence from the Delaware DOL, was sent to and received by Ms. Sklodowski at her proper home address. *See* R53, R47, R36, R9.

[5]   R52.

[6]   R42.

[7]   R34; *see also* R46 ("The decision of the Claims Deputy, based on the merits of the case, is final and binding due to the claimant[']s failure to file a timely appeal. However, an appeal may be filed solely to consider the issue of timeliness.").

Ms. Sklodowski, *pro se*, attended the hearing.[8]

(3)     Ms. Sklodowski said that her untimely submission was due to COVID-related delays with the United States Postal Service that caused her to receive the DOL's written decision on August 13, 2021—one day after the time to appeal had expired.[9]  She explained that though she tried to respond as quickly as practicable, it still took her about a week to draft and submit her appeal of the Claims Deputy's decision.[10]

(4)     Ms. Sklodowski said she never followed up about the mail delay but recalled receiving general notifications to be patient with mail delivery because of the COVID-19 pandemic.[11]  Ms. Sklodowski had no documentary or other corroborative evidence regarding the claimed delay in receipt at the time of the hearing.  So, the Appeals Referee welcomed her to submit any written materials or evidence to that effect—which he agreed to accept via e-mail—by close of business

---

[8]   R15.

[9]   R22-R24.

[10]   R23 (Ms. Sklodowski said she received the Claims Deputy's decision on August 13, 2021, "[a]nd I started digging to try to figure out how I was going to trying to get there quickly, and I wasn't able to get to my computer until the following week."); R26 ("And I . . . should have at least a week to be able to respond, especially if I was mailing it. . . . they should really be allowing 30 . . . We need at least 30 days with the mail system the way that it is.").

[11]   R24.

on the hearing date.[12]  According to the hearing record, the DOL does not track the delivery of their decision letters; rather, proof of service is limited to an internal "Mailing Address Affidavit" that memorializes the date a decision is mailed to a claimant.[13]

(5)    On September 10, 2021, the Appeals Referee mailed his written decision denying Ms. Sklodowski's initial appeal as untimely under 19 *Del. C.* § 3318(b).[14]  More specifically, the Appeals Referee found that because no "mistake or error [] made by employees of the [DOL]" caused the purported delayed receipt Ms. Sklodowski complained of, she was not due an exception to the statutory deadline for filing an appeal.[15]

(6)    Ms. Sklodowski timely appealed the Appeals Referee's decision to the

---

[12]  R24-R25.  It does not appear Ms. Sklodowski did so then, though she has included some general articles and papers on the subject of COVID-related mail delays as exhibits to her reply brief here.  D.I. 13.

[13]  R22.

[14]  R34-R35.    The Court notes here that the Appeals Referee mistakenly wrote that Ms. Sklodowski "argue[d] that [she] filed her appeal late because she only received the Department's notice of determination the day before she filed the appeal"—*i.e.*, on August 19, 2021. R35.  But, in fact, the record reflects Ms. Sklodowski claims she received the notice of determination on August 13th and her extended delay in filing her appeal until August 20th was because she "wasn't able to get to [her] computer until the following week." R23.  The Appeals Referee's mistake here, however, could have only worked to Ms. Sklodowski's benefit as his miscalculation suggested that upon receiving the notification Ms. Sklodowski appealed within a day.

[15]  R35.

Board.[16]  In her written submission, Ms. Sklodowski asserted that she was unprepared for the September 7th hearing before the Appeals Referee because she believed she was going to address only the merits, rather than the timeliness, of her appeal.[17]  She again argued that she wasn't given sufficient time to file that appeal because of post office delays and expressed her desire to "file a formal complaint against the DOL for not providing respondents adequate time to respond."[18]

(7)    The Board held a Review Hearing and affirmed the Appeals Referee's decision on October 11, 2021.[19]  The Board agreed that the DOL's decision letter was properly mailed and Ms. Sklodowski's appeal was untimely under 19 *Del. C.* § 3318(b).[20]  Noting Ms. Sklodowski's failure to provide evidence of "severe circumstances" that prevented her from making a timely submission, the Board declined to exercise its broad discretion under 19 *Del. C.* § 3320(a) to "affirm, modify, or reverse any decision of an appeal tribunal."[21]  The Board also rejected Ms. Sklodowski's position "that the appeal period is too short for the mail to arrive

---

[16]  R11.  The Board's records indicate her appeal was "received" on September 20, 2021.  R10.

[17]  R11.

[18]  *Id.*

[19]  R5-R9.

[20]  R6.

[21]  *Id.*

-5-

and to respond" observing that her opinion on the reasonableness of § 3318(b)'s procedural requirements have no effect on their application.[22]  Finding neither a failure of due process nor an error in the Referee's decision, the Board affirmed.[23] Ms. Sklodowski then appealed to this Court.[24]

(8)    The Court reviews a decision of the Board for legal error and to determine whether the Board's factual findings are supported by substantial evidence in the record.[25]  "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[26]  The Court does not weigh evidence or make credibility determinations.[27]  "If there is substantial evidence and no mistake of law, the Board's decision must be affirmed."[28]

---

[22]  *Id.*

[23]  *Id.*

[24]  R4.

[25]  *Anderson v. Unemployment Ins. Appeal Bd.*, 2021 WL 1986570, at *2 (Del. Super. Ct. May 13, 2021) (citing *Wilson v. Unemployment Ins. Appeal Bd.*, 2011 WL 3243366, at *2 (Del. Super. Ct. July 7, 2011) (collecting cases)).

[26]  *Brown v. Parker's Express, Inc.*, 2016 WL 6156183, at *1 (Del. Oct. 21, 2016) (quoting *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).

[27]  *Anderson*, 2021 WL 1986570, at *2 (citing *Byrd v. Westaff USA, Inc.*, 2011 WL 3275156, at *1 (Del. Super. Ct. July 29, 2011)).

[28]  *City of Newark v. Unemployment Ins. Appeal Bd.*, 802 A.2d 318, 323 (Del. Super. Ct. 2002) (citing *Avon Products, Inc. v. Wilson*, 513 A.2d 1315, 1317 (Del. 1986)).

(9)     Section 3318 of Title 19 of the Delaware Code governs the decisions, notices, and appeals of decisions made by a Department of Labor Claims Deputy.[29] Specific to this issue here, § 3318(b) prescribes, in relevant part:

> Unless a claimant or a last employer who has submitted a timely and completed separation notice in accordance with § 3317 of this title *files an appeal within 10 calendar days after such Claims Deputy's determination was mailed to the claimant's and last employer's last known addresses* or otherwise delivered by the Department to the claimant and the last employer, *the Claims Deputy's determination shall be final* and benefits shall be paid or denied in accordance therewith.[30]

(10)     The Delaware Supreme Court has instructed that the 10-day period begins to run on the date the referee's decision is deposited in the mail, "*unless* the mailing fails to reach a party because of some mistake made by employees of the Department of Labor."[31]   Notwithstanding the Board's broad discretion permitted by 19 *Del. C.* § 3320(a), it is reverently cautious in exercising this power.[32]   And even then, it will only do so where an "administrative error on the part of the Department of Labor [] deprived the claimant of the opportunity to file a timely appeal, or in those cases where the interests of justice would not be served by

---

[29]   DEL. CODE ANN. tit. 19, § 3318 (2019) (Decision on claim by deputy; notice; appeal).

[30]   *Id.* § 3318(b) (emphasis added).

[31]   *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 224 (Del. 1991).

[32]   *Id.* at 225.

inaction. Such cases have been few and far between and involved [severe] circumstances."[33] Even where found, the mail delivery service's inadvertence has not proved a "severe circumstance" warranting disregard of § 3318's express language. Indeed, this Court and the Supreme Court have before affirmed a Board decision rejecting a claimant's untimely filing where the referee's decision was misdelivered to the wrong address.[34]

(11)  After reviewing the complete record here, the Board affirmed the Appeals Referee's decision that Ms. Sklodowski's appeal was untimely and disallowed under § 3318(b).[35]  Additionally, in finding no error in the Referee's Decision, the Board declined to exercise its extraordinary powers under § 3320. It determined there was no evidence of "*severe* circumstances" excusing Ms. Sklodowski from filing before the deadline.[36]

(12)  The Board's decision is supported by substantial evidence and without legal error.  Though Ms. Sklodowski blamed her tardiness on a purported delay in

---

[33]  *Id.*

[34]  *Id.* at 224; *see also Wyatte v. Unemployment Ins. Appeals Bd.*, 2016 WL 552882, at *2 (Del. Super. Ct. Feb. 9, 2016) ("*Wyatte I*"), *aff'd*, 2016 WL 3389911 (Del. May 18, 2016) ("*Wyatte II*") (rejecting late filing when claimant said he did not have access to his mail at the address on file due to a PFA).

[35]  R5-R9.

[36]  R6 (emphasis in original).

the mail and testified she was aware of general COVID-related mail delivery disruptions, she never personally inquired about how those disruptions affected *her* mail here.[37] Nor had Ms. Sklodowski provided any documentary or other corroborative evidence regarding the claimed delay in receipt at the time of Appeals Referee hearing. At best, the record suggests Ms. Sklodowski conducted her affairs consistent with her belief that she should have had longer to file her appeal and so she submitted it on August 20, 2021.[38]

(13) All that said, the Court is mindful of Ms. Sklodowski's *pro se* status throughout these proceedings. As a general matter, courts will construe a *pro se* litigant's submissions "in a favorable light to alleviate the technical inaccuracies typical in many *pro se* legal arguments but, barring extraordinary circumstances, procedural requirements are not relaxed for any type of litigant."[39] Because the Appeals Referee and Board may only decide the merits of the cases "properly before [them] in compliance with the statutory law[,]"[40] the timeliness of Ms. Sklodowski's

---

[37] R24.

[38] R23 (Ms. Sklodowski testifies she received the Claims Deputy's decision on August 13, 2021, "[a]nd I started digging to try to figure out how I was going to trying to get there quickly, and I wasn't able to get to my computer until the following week."); R26 ("And I . . . should have at least a week to be able to respond, especially if I was mailing it. . . . they should really be allowing 30 . . . We need at least 30 days with the mail system the way that it is.").

[39] *Wyatte I*, 2016 WL 552882, at *2 (cleaned up).

[40] *Chrysler Corp. v. Dillon*, 327 A.2d 604, 605 (Del. 1974) (citing *Maxwell v. Vetter*, 311 A.2d 864 (Del. 1973)).

appeal was a threshold question and the only one addressed by either.

(14) Ms. Sklodowski—like all other unemployment benefits claimants— was required to abide by the procedural rules prescribed in the applicable statutes. "Although the [Board] has discretion to grant further review of untimely appeals, such discretion is exercised rarely and only in cases where there has been administrative error by the Department of Labor that deprived the claimant of the ability to file a timely appeal or where the interests of justice would be served."[41] And absent an abuse of that discretion—which the Court does not find here—the Court must uphold the Board's decision to disallow Ms. Sklodowski's untimely appeal.[42] Accordingly, the decision of the Unemployment Insurance Appeal Board is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

Paul R. Wallace, Judge

cc: Prothonotary
Marni M. Sklodowski, *pro se*
Victoria W. Counihan, Esq.

---

[41] *Wyatte II*, 2016 WL 3389911, at \*2 (internal citations omitted).

[42] *Id.*; *Funk*, 591 A.2d at 225 ("The scope of review for any court considering an action of the Board is whether the Board abused its discretion. Absent abuse of discretion we must uphold a decision of an administrative tribunal."). *See Cooper v. Bd of Nursing*, 2021 ("A board abuses it discretion where it exceeds the bounds of reason in view of the circumstances or ignores recognized rules of law or practice so as to produce injustice.")(cleaned up). .